**In the Matter of Calvin Bernie SMITH, Debtor.**

**Calvin Bernie SMITH, Appellant,**

v.

**FIRST AMERICAN BANK & TRUST, Appellee.**

No. 88–3172

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1988.

Rehearing Denied Sept. 27, 1988.

Calvin Bernard Smith, Lutcher, La., pro se.

Malcolm J. Peytavin, Lutcher, La., for appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

Calvin Bernie Smith appeals from the district court's affirmance of the bankruptcy court's dismissal of Smith's Chapter 11 bankruptcy petition. We dismiss.

I.

On April 21, 1987, Smith filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. The bankruptcy court dismissed the petition for want of

---

proper prosecution on June 17, 1987. Smith did not appeal that dismissal. On August 18, 1987, Smith filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. The bankruptcy court dismissed Smith's Chapter 11 petition on the grounds that the petition was filed less than 180 days after the dismissal of a prior petition for failure to properly prosecute. The district court affirmed and Smith filed a timely notice of appeal.

## II.

The district court correctly affirmed the bankruptcy court's dismissal of Smith's bankruptcy petition. The applicable section of the United States Bankruptcy Code is clear and unambiguous. It provides:

> Notwithstanding any other provision of this section, no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> > (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case...."

11 U.S.C. § 109(g)(1).

Mr. Smith's Chapter 13 petition was dismissed for want of proper prosecution on June 17, 1987. His Chapter 11 petition was filed on August 18, 1987, roughly 60 days after the Chapter 13 dismissal. This placed Mr. Smith's Chapter 11 petition squarely within the prohibited period set forth in the bankruptcy code. The district court therefore correctly upheld the bankruptcy court's dismissal of Smith's petition.

The district court's judgment is patently correct. This appeal is frivolous and entirely without merit. *See* Fifth Circuit Local Rule 42.2.

DISMISSED.