In re Magdi S. BARSOUM, Debtor.

Mark J. JONES, Appellee,

v.

Magdi S. BARSOUM, Appellant.

Civ. A. No. 91–95 (CRR).

Bankruptcy No. 90–983.

United States District Court,
District of Columbia.

April 19, 1991.

Magdi S. Barsoum, pro se.

Graham C. Huston of Huston & Angus, Arlington, Va., for appellee.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### I. INTRODUCTION

Appellant Magdi S. Barsoum ("Barsoum") appeals the decision of Bankruptcy Judge S. Martin Teel dismissing his Chapter 7 petition filed in the District of Columbia. *See In re Magdi S. Barsoum*, Bankruptcy Case No. 90–983 (D.D.C. December 21, 1990). Judge Teel also awarded $2,155.00 in attorney's fees to the appellee. Upon consideration of the briefs [1] filed by the parties, the applicable law, and the entire record herein, the Court affirms the judgment of the Bankruptcy Court and dismisses this case.

### II. FACTS

Appellant Barsoum filed a petition in bankruptcy under Chapter 13 in the Eastern District of Virginia, presumably to protect his assets from foreclosure by the Appellee Mark Jones and others. On August 14, 1990, this petition was dismissed with prejudice by Judge Martin V.B. Bostetter and, pursuant to 11 U.S.C. § 109(g), Judge Bostetter held that Barsoum could not file a bankruptcy petition for 180 days. *In re Magdi S. Barsoum*, Bankruptcy Case No. 90–11242–AB (E.D.Va. August 14, 1990) (hereinafter "Order of Dismissal").

Barsoum then sought to convert his Eastern District of Virginia case from

---

1. Both Appellant Barsoum and Appellee Jones filed "Motions to Strike" the brief filed by opposing counsel. As explained at the March 21, 1991 Status Conference, the Court denies both motions. The Court finds that Appellee Jones did respond within the statutorily prescribed time. *See* Bankruptcy Rules 8009 and 9006. While Barsoum did not strictly comply with the Bankruptcy Rules, the Court will permit him to file, because this is a *pro se* case and because there was no real prejudice to the appellee.

Chapter 13 to Chapter 11. In September 1990, the Court in Virginia issued an Order permitting the conversion. *In re Magdi Barsoum, supra,* (E.D.Va. September 24, 1990). Barsoum's attempt to circumvent Judge Bostetter's prior Order did not go unnoticed, however. On December 10, 1990, Judge Bostetter vacated the Order of September 24, 1990 because it "was entered in error because of a previous order dismissing the proceeding." *In re Magdi S. Barsoum, supra,* (E.D.Va. December 10, 1990).

Undeterred, Barsoum then filed a Chapter 7 petition in the District of Columbia. This petition was filed within 180 days of Judge Bostetter's Order of Dismissal. After holding hearings and argument on December 12 and 17, 1990, Judge Teel held that Barsoum's petition was null and void and entered sanctions in the amount of $2,155.00. Barsoum now appeals this judgment.

III. BECAUSE THE ORDER ENTERED IN THE EASTERN DISTRICT OF VIRGINIA RENDERS THE APPELLANT INELIGIBLE TO SUE AS A DEBTOR UNDER THE BANKRUPTCY CODE, THE BANKRUPTCY COURT PROPERLY DISMISSED APPELLANT'S CHAPTER 7 PETITION.

■ This Court must review the bankruptcy court's conclusions of law *de novo.* *See, e.g., In re St. Charles Preservation Investors, Ltd.,* 112 B.R. 469, 471, n. 2 (D.D.C.1990). However, the Court will not reverse a bankruptcy court's findings of fact unless they are found to be clearly erroneous. Bankruptcy Rule 8013. In evaluating the appellant's claims and Judge Teel's Order under these standards, the Court must conclude that Judge Teel was correct.

Barsoum's principal arguments are wholly lacking in merit. First, Barsoum's claim that the Eastern District of Virginia's Sep-

tember 24, 1990 *Order* permitted him *to* file a Chapter 11 petition within the 180 day period is unsupported by the facts. Judge Bostetter's Order of December 10, 1990 expressly vacated the September 24, 1990 Order to impede any more attempts to re-file. Second, Barsoum's contention that Judge Teel did not have an adequate factual basis upon which to rule is also unsupported by the record. Judge Teel held hearings on two separate occasions, and this Court has no reason to believe that these hearings were deficient.

The remaining legal issue is also easily resolved against Barsoum. Judge Bostetter dismissed Barsoum's original Chapter 13 petition in the Eastern District of Virginia with prejudice, and ordered that Barsoum be precluded from filing any petition under the bankruptcy laws. Judge Bostetter's issued the order under the authority of 11 U.S.C. § 109(g)[2] and based on his factual finding that Barsoum filed the petition in bad faith. Section 109(g) provides, in relevant part:

§ 109 Who May Be A Debtor

(g) Notwithstanding any other provision in this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court for a proper prosecution of the case....

Judge Bostetter's order thus deprived Barsoum of the ability to qualify as a debtor under the federal bankruptcy laws.

Because Barsoum was not eligible to sue under the federal bankruptcy law for 180 days, and because Judge Teel had good cause to believe that Barsoum acted in bad faith, he properly refused to entertain Barsoum's bankruptcy petition, which was filed within the proscribed 180–day period. Section 109 is designed to prevent abuse of the bankruptcy courts by the filing of suc-

---

**2.** Barsoum cannot challenge Judge Bostetter's order dismissing the original Chapter 13 petition with prejudice in this Court. An appeal of Judge Bostetter's order should have been brought in the Federal District Court for the

Eastern District of Virginia. 28 U.S.C. § 158(a) ("An appeal under this subsection shall be taken *only* to the district court for the judicial district in which the bankruptcy judge is serving.) (emphasis added).

cessive actions. *See, e.g., In re Calvin Bernie Smith,* 851 F.2d 747 (5th Cir.1988) (dismissing Chapter 11 petition when filed within 180 days of 11 U.S.C. § 109 dismissal of a Chapter 13 petition); *In re Raman C. Patel,* 48 B.R. 418 (Bkrtcy.M.D.Ala. 1985) (dismissing subsequent case because appellant was not eligible to be a debtor under bankruptcy code).

■ Appellee Jones also requests further sanctions in the amount of $750.00 against the appellant Barsoum. The Court denies the request for additional sanctions because, on this record, the Court does not have sufficient evidence that Barsoum filed this appeal only to harass the appellee and to frustrate his efforts to obtain title insurance upon the foreclosed property. The Court upholds the sanctions entered by Judge Teel, however.

## IV. CONCLUSION

Upon consideration of the appellant's brief, the appellee's opposition thereto, the record and the applicable law, the Court hereby affirms the decision of Bankruptcy Judge S. Martin Teel and dismisses the above-captioned case with prejudice. The Court will issue an Order of even date herewith in accordance with this Memorandum Opinion.