In re William D. FRENZ, Jr., Debtor.

**PUTNAM TRUST COMPANY OF GREENWICH, Movant,**

v.

**William D. FRENZ, Jr., Respondent.**

**Bankruptcy No. 92–50864.**

United States Bankruptcy Court,
D. Connecticut.

July 2, 1992.

William D. Frenz, Jr., pro se.

John F. Lambert, Bentley, Mosher & Babson, P.C., Stamford, Conn., for Putnam Trust Co.

### MEMORANDUM AND ORDER ON SANCTIONS UNDER RULE 9011(a) F.R.BANKR.P.

ALAN H.W. SHIFF, Bankruptcy Judge.

#### BACKGROUND

Putnam Trust Company of Greenwich holds promissory notes in the amounts of $150,000.00 and $30,000.00 which are secured by mortgages on the debtor's residence. After the debtor defaulted on payment obligations, Putnam Trust commenced a foreclosure proceeding in state court and, on or about January 23, 1989, obtained a judgment of strict foreclosure.

On August 21, 1989, the debtor filed a petition under Chapter 13. That case was dismissed on June 13, 1990 due to the debtor's failure to file a plan. On January 11, 1991, the debtor filed a petition under Chapter 7. On April 9, 1991, Putnam Trust filed a motion for relief from stay, *see* 11 U.S.C. § 362(d), which was granted by a bench ruling on May 6. On May 9, the case was dismissed due to the debtor's failure to pay the filing fee. On June 14, just five weeks after that dismissal, the debtor filed another Chapter 7 petition (the

"June 14th Case"). On June 27, Putnam Trust filed a motion for relief from stay and that motion was granted on September 20 ("the September 20th Order"). On October 10, the June 14th Case was dismissed because of the debtor's failure to attend two consecutive meetings of creditors called pursuant to § 341(a). On October 24, Putnam Trust filed a motion to reconsider the order dismissing the June 14th Case, presumably so that it could prosecute its foreclosure action in state court unrestrained by any subsequent petition. On November 13, before a hearing could be conducted on Putnam Trust's motion, the debtor filed yet another Chapter 7 petition (the "November 13th Case"). At the hearing on Putnam Trust's motion, the Court dismissed the November 13th Case, reopened the June 14th Case and continued the September 20th Order. Putnam Trust resumed its foreclosure action and obtained a judgment of strict foreclosure on February 10, 1992.

On March 16, 1992, the debtor filed the instant chapter 13 petition and a motion to dismiss the June 14th Case. At the hearing on the debtor's motion to dismiss, I denied the motion and directed the entry of an order to show cause why sanctions should not be imposed on the debtor under Rule 9011(a) F.R.Bankr.P.

## DISCUSSION

### 1.

### SIMULTANEOUS FILINGS

■ Rule 9011(a) F.R.Bankr.P. provides in relevant part:

> [t]he signature of ... a party constitutes a certificate that the ... party has read the document; that to the best of the ... party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; *and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the*

*cost of litigation* or administration of the case.... If a document is signed in violation of this rule, the court ... on its own initiative, shall impose on the person who signed it ... an appropriate sanction, which may include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee. (emphasis added).

■ Although the debtor argues that he was inexperienced regarding the Rules of Federal Bankruptcy Procedure, he is, nonetheless, bound by their mandate. It is well settled that Rule 11 F.R.Civ.P., and therefore Rule 9011(a),[1] applies to *pro se* litigants, *Business Guides v. Chromatic Communications Enterprises, Inc.,* —— U.S. ——, 111 S.Ct. 922, 930, 112 L.Ed.2d 1140 (1991), and that the certification standard is an objective test for all signing parties. Thus,

> [w]hile this standard takes into account the special circumstances that often arise in *pro se* situations, *pro se* filings do not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'

*Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir.1988) (quoting *Farguson v. MBank Houston N.A.,* 808 F.2d 358, 359 (5th Cir. 1986)).

Putnam Trust contends that the filing of the instant chapter 13 petition, like its four predecessors, was another attempt to frustrate its right to prosecute its foreclosure action in state court. Putnam Trust recounts the pattern that each time the debtor's case was dismissed, he commenced another case to take advantage of the automatic stay and halt the enforcement of the state court foreclosure judgment. The debtor, on the other hand, contends that he filed the instant chapter 13 petition in order to propose a plan so that he could pay his creditors and keep his property.

---

1. Since the language of Rule 11 F.R.Civ.P. tracks the language of Rule 9011(a) F.R.Bankr.P., I look to case law interpreting the former for guidance in determining whether particular conduct by a party is sanctionable under the latter. *See Cinema Serv. Corp. v. Edbee Corp.,* 774 F.2d 584, 585 (3rd Cir.1985).

Arguably the commencement of the instant chapter 13 case is sanctionable because the petition was filed while the June 14th Case was pending.[2] I need not address that issue, however, because, for the reasons that follow, I conclude that the debtor's purpose in filing the instant petition was wholly unreasonable and improper.

■ It is a well-known axiom of bankruptcy law that "[f]iling a bankruptcy petition to prevent foreclosure if undertaken pursuant to a legitimate effort at reorganization is not reprehensible and is in accord with the aim of the Bankruptcy Code." *In re Chisum*, 68 B.R. 471, 473 (9th Cir.BAP 1986), *affd.*, 847 F.2d 597 (9th Cir.1988). Thus, as a general proposition the bona fides of a filing should await the confirmation process. *Cf.* § 1325(a)(3). But when a pattern of conduct has been demonstrated which supports the conclusion that the latest in a series of petitions was filed for the primary purpose of delaying a creditor's enforcement of a security interest, it should not be necessary to wait for a confirmation hearing to address that issue. *See Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584, 586 (3rd Cir.1985). *See also In re Whitten*, 11 B.R. 333, 339 (Bankr. D.C.1981). As the court observed in *Weiszhaar Farms, Inc. v. Livestock State Bank*, 113 B.R. 1017, 1020 (Bankr.D.S.D. 1990),

> manipulating the judicial process by reimposing the automatic stay through multiple filings works an unconscionable fraud on creditors. Thus an abuse of § 362 occurs when the debtor has no intention of effectuating a realistic plan of reorganization and the bankruptcy court's self executing injunction results in unnecessary and costly delays. Abuse

of the automatic stay provision [by multiple filings] ... mandates imposing the heavy-handed measures provided under Bankruptcy Rule 9011.

■ It follows then that when a debtor repeatedly synchronizes the commencement of his or her bankruptcy case with the expiration of the redemption period set by a state court foreclosure judgment and makes no effort to prosecute his or her bankruptcy case, the conclusion is justified that bankruptcy protection is not properly sought. *See In re Narod*, 138 B.R. 478, 482 (E.D.Pa.1992). That conclusion is compelling in this case.

Notwithstanding Rule 3015(b) F.R.Bankr.P, which requires the filing of a chapter 13 plan with the petition or within 15 days after the commencement of the case, no plan was filed as of June 13, 1990 when the debtor's August 21, 1989 case was dismissed. The debtor's January 11, 1991 case, which thwarted Putnam's effort to foreclose the debtor's right of redemption, was dismissed because he neglected to pay the filing fee. Within a matter of weeks, the debtor filed another petition, the June 14th Case. That case was dismissed because the debtor failed to attend two consecutive meetings of creditors. But the filing had its desired effect, Putnam Trust was prohibited from pursuing its foreclosure action. The pattern continued with the November 13th Case and the instant case and, consistent with that pattern, no plan was filed in this case. Accordingly, I conclude that debtor filed the instant petition for the purpose of harassing and delaying Putnam Trust and that he has therefore violated Rule 9011(a).

**2.** It is observed that some courts have concluded that there is a general prohibition against such conduct primarily because the cases involve the same debtor and the same debts, *see, e.g., In re Keen*, 121 B.R. 513 (Bankr.W.D.Ky. 1990); *In re Wead*, 38 B.R. 658 (Bankr.E.D.Mo. 1984); *Associates Financial Serv. Corp. v. Cowen*, 29 B.R. 888 (Bankr.S.D.Ohio 1983); *Prudential Ins. Co. of America v. Colony Square Co.*, 29 B.R. 432 (W.D.Penn.1983), while other courts, including this one, have qualified that conclusion by generally permitting a debtor to commence a second case while a prior case is still open when the administration of the prior case has been virtually completed and the debtor has already received his discharge, *see, e.g., In re Saylors*, 869 F.2d 1434 (11th Cir.1989); *In re Kosenka*, 104 B.R. 40 (Bankr.N.D.Ind.1989); *In re Strause*, 97 B.R. 22 (Bankr.S.D.Cal.1989); *In re Nimai Kumar Ghosh*, 38 B.R. 600 (Bankr. E.D.N.Y.1984); *In re Bumpass*, 28 B.R. 597 (Bankr.S.D.N.Y.1983); *In re Tauscher*, 26 B.R. 99 (Bankr.E.D.Wisc.1982); *In re Robinson*, 18 B.R. 891 (Bankr.D.Conn.1982).

## 2.
### *Sanction*

■ Rule 9011(a) states that sanctions mandated by the rule "may include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee." As this court noted in *In re Wonder Corp. of America*, 109 B.R. 18 (Bankr. D.Conn.1989), "[t]he starting point in determining an appropriate sanction based upon the cost of attorneys' fees is the calculation of the time reasonably expended in responding to the improper signing which is then multiplied by a reasonable hourly rate." *Id.* at 32 (citations omitted).

On May 12, 1992, Putnam Trust's attorneys filed an "Affidavit Concerning Attorney's Fees" which listed attorney's fees of $3,186.00, as follows: Attorney Lambert billed 5.0 hours at the rate of $200.00 per hour, Attorney Montgomery billed 7.3 hours at the rate of $200.00 per hour, and Attorney Pepe billed 4.4 hours at the rate of $165.00 per hour. The debtor has filed an objection, claiming that the time billed was excessive, but he has conceded that the hourly rates were reasonable.

■ In order to demonstrate reasonable and compensable services, the attorney who performed the work must separately identify each service performed and the time spent thereon. *Cf.* Rule 2016(a) F.R.Bankr.P.; Local Rule of Bankruptcy Procedure 25(a). When an attorney lumps together several services into one entry, there can be no meaningful determination as to the reasonableness of the attorney's fees. The following entries constitute impermissible lumping; accordingly I will reduce the requested fees by 50%:

3/18/92 MDM 1.6 Conference with Atty. Pepe Re: Bankruptcy Filing; Research; Telephone Brian Johnston

3/19/92 MDM 1.2 Legal Research Bankruptcy Code; Telephone Atty. Plotkin; Conference with Atty. Pepe

3/19/92 HAP 1.7 Legal Research Bankruptcy Code; Reviewed Bankruptcy

Section of File; Conference U.S. Bankruptcy Clerk

3/20/92 MDM 0.4 Attention to Motion to Dismiss Chapter 7; Conference with Helene Pepe

3/23/92 MDM 0.4 Telephone Brian Johnston Re: Status and Update; Conference with Atty. Pepe

3/30/92 MDM 1.2 Conference with Atty. Pepe; Telephone to Bankruptcy Court; Dictate Motion for Immediate Hearing

3/30/92 JFL 2.0 Court Appearance Bankruptcy Court—Motion to Dismiss Chapter 7; Dictated Orders and Order to Show Cause

I also note that Attorney Pepe has billed 2.5 hours for drafting an objection to the debtor's motion to dismiss the chapter 7 case and a motion to dismiss the debtor's chapter 13 case. Both documents are virtually identical and primarily recite facts with a simple legal conclusion. I will therefore disallow 1.7 of those hours.

Accordingly, I disallow a total of 2.55 hours for Attorney Pepe,[3] 2.4 hours for Attorney Montgomery,[4] and 1.0 hour for Attorney Lambert[5] and therefore allow attorney's fees of $2,085.25 as a part of the Rule 9011(a) sanction.

■ Although "sanctions ... are not to reward parties who are victimized by litigation", *In re Vantage Steel Corp.*, 125 B.R. 880, 889 (Bankr.S.D.N.Y.1991) (citation omitted), they "may take on a more punitive hue to deter further abuses." *U.S. v. International Brotherhood of Teamsters*, 948 F.2d 1338, 1344 (2nd Cir.1991) (citations omitted). On that basis, I conclude that this Court is entitled to $500.00 as compensation for the time expended in responding to the debtor's improper conduct. *In re Jack R. Osborne*, No. 90–5403, April 21, 1992 (Bankr.D.Conn.1992) (unpublished opinion).

### ORDER

For the foregoing reasons, the debtor is ORDERED to pay to counsel for Putnam

---

**3.** (50% of 1.7) + 1.7 = 2.55

**4.** (50% of (1.6 + 1.2 + 0.4 + 0.4 + 1.2)) = 2.4

**5.** (50% of 2.0) = 1.0

Trust $2,085.25 for attorney's fees, and to pay to the clerk of this Court the sum of $500.00 for the burden on case management caused by his improper conduct.