**In re Albert PEIA, Debtor.**

**Bankruptcy No. 92–51235.**

United States Bankruptcy Court,
D. Connecticut.

Oct. 8, 1992.

**750**

Albert Peia, pro se.

Jeffrey L. Sapir, White Plains, N.Y., Chapter 13 Trustee.

**1.** The case was dismissed on February 21, 1992. On March 2, 1992 an amended order entered

MEMORANDUM AND ORDER ON TRUSTEE'S MOTION TO DISMISS CASE AND FOR SANCTIONS UNDER RULE 9011(a) FED.R.BANKR.P.

ALAN H.W. SHIFF, Bankruptcy Judge.

Albert Peia is no stranger to the bankruptcy process. This is his seventh case in five years. Prior to the instant case, his most recent was dismissed with prejudice on March 2, 1992.[1] As a result, he was not eligible to be a debtor for 180 days from that date. *See* 11 U.S.C. § 109(g)(1). In spite of that prohibition, Peia commenced this chapter 13 case on April 14, 1992, which prompted the trustee to file the instant motion to dismiss with prejudice and for sanctions under Rule 9011(a) Fed. R.Bankr.P.

## BACKGROUND

On June 16, 1987, American Home Funding of Richmond, Virginia, ("American"), commenced a foreclosure action in New Jersey state court against Peia's property, located at 99 Northrop Drive, Bricktown, New Jersey. On May 13, 1988, Peia commenced a chapter 11 case in the district of New Jersey, which was dismissed on March 3, 1989, allowing American to continue its foreclosure proceeding. On March 22, 1989, Peia commenced a chapter 13 case in this court, which was dismissed with prejudice on September 7, 1989. Meanwhile, on September 6, 1989, he commenced a chapter 7 case in the eastern district of Virginia, which was dismissed on September 27, 1989. On December 12, 1989, the New Jersey state court entered a final judgment of foreclosure in favor of American. On March 8, 1990, Peia commenced a chapter 13 case in the district of New Jersey, which was dismissed on April 12, 1991. On November 9, 1990, Peia commenced another chapter 13 case in this court. That case was dismissed with prejudice on January 22, 1991. On December 30, 1991, Peia commenced a third chapter 13 case in this court (the "1991 case"). As noted, that case was dismissed with prejudice on March 2, 1992.

dismissing the case with prejudice.

On April 14, 1992, Peia commenced the instant chapter 13 case (the "1992 case").

On May 29, 1992, Peia filed papers in response to the trustee's motion which purport to seek my disqualification and also: (1) oppose the trustee's motion for dismissal and sanctions; (2) seek an order vacating the dismissal of the 1991 case; (3) request authority to dispose of property; and (4) request authority to maintain a lawsuit in the district court.

## DISCUSSION

### I. RECUSAL

The basis for Peia's request that I disqualify myself from presiding over this case is my alleged bias, as shown by what Peia characterizes as a "blatant disregard for or purposeful inattention to time and notice requirements in accordance with court rules." *Peia's "Certification"*, May 25, 1992, ¶ 5. In addition, Peia's March 22, 1992 complaint, filed in the district court for this district, alleges that in the 1991 case I "arbitrarily, [and] collusively, denied ... motions [for utility deposits, rental or sale of properties, and return of assets] causing the wasting of said assets, the loss of rents, [and] the loss of assets through negligence and/or theft." *Peia's Complaint*, 5 92 CV 166, March 22, 1992, Count Eight, ¶ 3.

■ Title 28 U.S.C. § 455, made applicable by Rule 5004(a) Fed.R.Bankr.P., provides that "[a]ny judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test under this section is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality could be questioned reasonably. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2nd Cir. 1988), *rehearing denied*, 869 F.2d 116, *cert. denied, Milken v. S.E.C.*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989); *In re Martin Trigona*, 573 F.Supp. 1237, 1243 (D.Conn.1983), *appeal dismissed*, 770 F.2d 157 (2d Cir.1985), *cert. denied*, 475 U.S. 1058, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986).

■ The documents submitted by Peia do not set forth facts which substantiate my alleged bias. Thus, at the hearing, I asked Peia to state the basis for his claim. Peia responded with a lengthy and circuitous diatribe against judicial systems in general and the judicial system of New Jersey in particular. I therefore conclude that Peia's claim that I am biased against him is unsubstantiated and, more to the point, false. Accordingly, I will not disqualify myself from presiding over this case.

### II. MOTION TO VACATE [2]

Peia has moved to vacate the dismissal of the 1991 case which was dismissed with prejudice for failure to prosecute because he failed to file a plan. *See* 11 U.S.C. § 1307(c)(3); *see also* Rule 3015(b) Fed. R.Bankr.P. It appears that one basis for Peia's motion is his claim that the 1991 case was improperly dismissed because he had filed an adversary proceeding. Peia's adversary proceeding, however, was filed on February 25, 1992, four days *after* the order of this court dismissing that case.[3]

At the hearing on the trustee's motion to dismiss, Peia also alleged that the 1991 case was improperly dismissed because he was not given sufficient notice of the February 13, 1992 hearing scheduled for that purpose. According to Peia, he was entitled to, but did not get, 20 or 25 days notice.[4] Notice of that hearing was sent to him by the clerk's office on January 3, 1992. Thus, Peia actually received more notice than he claims he was entitled to get. Accordingly, I conclude that the 1991

---

**2.** Peia's "motion to vacate" is treated as a motion to reopen a case under Rule 60(b)(6) Fed. R.Civ.P., made applicable by Rule 9024 Fed. R.Bankr.P.

**3.** *See* note 1, *supra*.

**4.** Perhaps he was confused by Rules 2002(a)(5) and 2002(b) Fed.R.Bankr.P. which require 20 and 25 days notice, respectively. Neither of these rules is applicable. Rule 2002(a)(5) does not apply to chapter 13 cases and Rule 2002(b) applies only to hearings for the confirmation of plans.

case was properly dismissed for failure to prosecute.

### III. MOTION TO DISMISS

██ Bankruptcy Code § 109(g)(1) provides that:

Notwithstanding any other provision of this section, no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –

(1) the case was dismissed by the court for failure ... to appear before the court in proper prosecution of the case ...

The trustee's motion to dismiss the 1992 case is grounded on Peia's ineligibility to be a debtor. Section 109(g) has been characterized as "clear and unambiguous" in prohibiting an individual from being a debtor prior to the expiration of 180 days from the dismissal of the individual's previous case for want of prosecution. *Matter of Smith*, 851 F.2d 747, 748 (5th Cir.1988); *In re Ellis*, 48 B.R. 178, 180 (Bankr.E.D.N.Y. 1985). Thus, having concluded that the 1991 case was properly dismissed, I accordingly conclude that the trustee's motion to dismiss this case should be granted.

### IV. SANCTIONS

██ Rule 9011(a) Fed.R.Bankr.P. provides in relevant part:

The signature of ... a party constitutes a certificate that the ... party has read the document; that to the best of the ... party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case. ... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it ... an appropriate sanction, which may include an order to pay to the other party ... the amount of the reasonable expenses incurred be-

cause of the filing of the document, including a reasonable attorney's fee.

This rule is substantively the same as Rule 11 Fed.R.Civ.P., thus decisions which clarify the latter are useful guides. *See In re Frenz*, 142 B.R. 611, 613 n. 1 (Bankr. D.Conn.1992), *citing Cinema Serv. Corp. v. Edbee Corp.*, 774 F.2d 584, 585 (3rd Cir.1985). It is well settled that the purpose of Rule 11 is:

to deter baseless filings ... and thus ... streamline the administration and procedure of the federal courts. ... Although the rule must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy any interpretation must give effect to the Rule's central goal of deterrence.

*Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1991) (citations omitted). By its terms, the rule applies to all parties, represented or not. *Business Guides v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 111 S.Ct. 922, 931, 112 L.Ed.2d 1140 (1991). While a party's *pro se* appearance is a factor to be considered, *Posner v. Minnesota Mining and Manufacturing Co., Inc.*, 713 F.Supp. 562, 565 (E.D.N.Y.1989), it obvious that one acting *pro se* has "no impenetrable shield ... [and] has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986); *see also Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir.1988); *In re Frenz, supra*, 142 B.R. at 613. It is well settled that filing a chapter 13 petition to save one's home is an acceptable use of the bankruptcy process so long as the petition is filed in good faith, *In re Frenz, supra*, 142 B.R. at 614. It follows then that repeated filings aimed solely at frustrating foreclosure through invocation of the automatic stay constitutes bad faith and an abuse of the bankruptcy process sanctionable under Rule 9011(a). *Id.*

██ Peia's repeated filing of bankruptcy petitions without taking appropriate steps toward confirmation of a plan constitutes a

pattern of filing for "an improper purpose, such as to harass, or to cause unnecessary delay" in violation of Rule 9011(a).

> [W]hen a debtor repeatedly synchronizes the commencement of his or her bankruptcy case with the expiration of the redemption period set by a state court foreclosure judgment and makes no effort to prosecute his or her bankruptcy case ... bankruptcy protection is not properly sought.

*Id.* at 614; *see also Weiszhaar Farms, Inc. v. Livestock State Bank,* 113 B.R. 1017, 1020 (D.S.D.1990) (citations omitted). Accordingly, I conclude that Peia should be sanctioned under Rule 9011(a).

■■■ The sanction the trustee seeks is the payment of a fee and the costs he incurred in connection with the instant motion. In a chapter 13 case commenced, as here, by an ineligible debtor, the services of a trustee seeking dismissal may be compensated by the imposition of Rule 9011(a) sanctions. *In re Bono,* 70 B.R. 339, 345–46 (Bankr.E.D.N.Y.1987). The amount awarded as a sanction for the trustee's services is calculated by multiplying the amount of time reasonably expended in response to the sanctioned conduct by a reasonable hourly rate. *Cf. In re Frenz, supra,* 142 B.R. at 615, *citing In re Wonder Corp. of America,* 109 B.R. 18, 32 (Bankr.D.Conn. 1989).

The trustee's statement lists 7.4 hours researching Peia's filing history and the applicable law, preparing the motion, and attending the hearing. The 7.4 hours includes 4.9 hours at $175.00 per hour and 2.5 hours at $150.00 per hour. Those hours and rates are reasonable; they compute to $1,232.50, which is allowed in full. In addition, because sanctions "may take on a more punitive hue to deter further abuses", *U.S. v. International Brotherhood of Teamsters,* 948 F.2d 1338, 1344 (2d Cir. 1991) (citations omitted), a payment to the court may be ordered in connection with the time spent considering the trustee's motion. *Cf. In re Frenz, supra,* 142 B.R. at 615; *cf. In re U.S. Truck Co., Inc.,* 71 B.R. 99, 103–104 (Bankr.E.D.Mich.1987). Accordingly, I conclude that a $1,000.00

payment to this court is a reasonable and justified sanction.

## V. PEIA'S REMAINING MOTIONS

In view of the foregoing, Peia's motions for authority to dispose of property and to maintain a lawsuit in the district court will not be considered.

## ORDER

For the foregoing reasons, this case is dismissed with prejudice; Peia is directed to pay the trustee $1,232.50; he is directed to pay the clerk of this court $1,000.00; such payments are to be made in the form of certified checks within 60 days of the date of this order; and IT IS SO ORDERED.

IT IS FURTHER ORDERED that a copy of this Memorandum of Decision and Order shall be filed in the Ocean County Superior Court of the State of New Jersey, the Bankruptcy Court for the District of New Jersey at Trenton, and the Bankruptcy Court for the Eastern District of Virginia at Alexandria.