In the Matter of Albert L. PEIA.

Richard M. COAN, Trustee, Plaintiff,

v.

Albert PEIA, Defendant.

Bankruptcy No. 95–51862.

No. 3:97–CV1165 (RNC).

United States District Court,
D. Connecticut.

Aug. 11, 1997.

Timothy D. Miltenberger, New Haven, CT, for plaintiff.

### RULING ON MOTION FOR PRELIMINARY INJUNCTION

CHATIGNY, District Judge.

Plaintiff Richard M. Coan, bankruptcy trustee for defendant Albert L. Peia, seeks a "vexatious litigant order," *Stich v. United States,* 773 F.Supp. 469, 470 (D.D.C.1991), *aff'd,* 976 F.2d 1445 (D.C.Cir.1992), prohibiting Peia from commencing legal action against anyone related to his bankruptcy case without first obtaining leave of court. *See In re Martin–Trigona,* 737 F.2d 1254 (2d Cir.1984).

On July 31, 1997, an evidentiary hearing was held pursuant to an order dated July 1, 1997, requiring Peia to show cause why injunctive relief should not be granted. At the hearing, Peia testified that he would like to initiate legal action against plaintiff and Chief Bankruptcy Judge Alan H.W. Shiff on the ground that they have breached their duties in connection with the bankruptcy proceeding. At the conclusion of the hearing, I entered a temporary restraining order prohibiting Peia from suing plaintiff or Judge Shiff without my permission for a period of ten days.

After further consideration of the parties' written submissions and the evidence presented at the hearing, I believe that a preliminary injunction should enter prohibiting Peia from bringing new actions against Judge Shiff without leave of court. However, I am not persuaded that the record justifies entry of a preliminary injunction preventing Peia from bringing an action against plaintiff. Accordingly, plaintiff's motion for a preliminary injunction is granted in part and denied in part. This ruling and order contains my findings of fact and conclusions of law as required by Fed.R.Civ.P. 52.

**218**

*Findings of Fact* [1]

1. Peia is a law school graduate who once practiced law in New Jersey.

2. In June 1987, American Home Funding of Richmond, Virginia, commenced a foreclosure action in New Jersey state court against Peia's property in Bricktown, New Jersey. In May 1988, Peia commenced a chapter 11 bankruptcy case in the District of New Jersey, which was dismissed in February 1989, allowing the foreclosure action to proceed.

3. On March 22, 1989, Peia filed a chapter 13 petition in the District of Connecticut, which was dismissed on September 7, 1989.

4. On September 6, 1989, Peia commenced a chapter 7 case in the Eastern District of Virginia, which was dismissed on September 27, 1989.

5. On December 12, 1989, the New Jersey court entered a final judgment in the foreclosure action in favor of American Home.

6. On March 8, 1990, Peia filed another chapter 13 petition in the District of New Jersey, which was dismissed on December 4, 1990, with a prohibition against future filings and a retention of jurisdiction for future sanctions. On November 9, 1990, while that case was pending, Peia commenced another chapter 13 case in the District of Connecticut, which was dismissed on March 2, 1992.

7. On December 30, 1991, Peia commenced a third bankruptcy case in this District, which was dismissed on March 2, 1992.

8. On April 14, 1992, Peia commenced a fourth bankruptcy case in this District, which was dismissed with monetary sanctions being imposed on Peia on October 8, 1992. *See In re Albert L. Peia,* 204 B.R. 310, 312–13 and Appendix B (Bankr.D.Conn.1996).

9. In dismissing Peia's fourth chapter 13 petition, Judge Shiff ordered him to pay the trustee's fees and costs in the amount of $1,232.50, and to pay the court $1,000 as a sanction. *See In re Albert Peia,* 145 B.R. 749, 753 (Bankr.D.Conn.1992). Peia did not pay the monetary sanction but he did file a

fifth chapter 13 petition in this District. *See In re Albert L. Peia,* 204 B.R. at 313.

10. On January 15, 1993, the United States Attorney for this District filed a sworn complaint and application for an order to show cause why Peia should not be held in criminal contempt for violating Judge Shiff's order. The action was resolved by a stipulation that prohibited Peia from filing any bankruptcy petition for one year. Judge Shiff approved the stipulation, dismissed the then-pending bankruptcy case and entered an order prohibiting Peia from filing any bankruptcy petition in any bankruptcy court from May 1, 1993 to May 1, 1994. *Id.*

11. On October 20, 1993, Peia filed a sixth chapter 13 petition in this District. On March 22, 1994, the U.S. Attorney applied for an order to show cause why Peia should not be held in criminal contempt for violating Judge Shiff's order. The U.S. Attorney subsequently moved to dismiss that application because Peia had moved to California, making prosecution of the action impractical. The motion to dismiss was granted and the case was dismissed on March 17, 1995.

12. On March 15, 1995, Peia filed a chapter 13 petition in the Central District of California, which was dismissed on May 19, 1995.

13. On June 19, 1995, Peia filed a chapter 7 petition in the Central District of California, which was dismissed on September 11, 1995, with a prohibition against further filings for 180 days.

14. On December 15, 1995, Peia filed his seventh chapter 13 petition in the District of Connecticut, which has been converted to a chapter 7 case and is still pending ("the pending case").

15. On December 27, 1995, Norwalk Savings Society ("NNS") filed an emergency motion in the pending case for an order permitting it to continue a summary process action to evict Peia from premises in Danbury. That motion was granted on February 7, 1996.

16. On March 11, 1996, Peia filed another chapter 13 petition in the Central District of

---

**1.** The listing of defendant Peia's bankruptcy filings set forth in this ruling is based on Judge Shiff's opinions in *In re Albert Peia,* 145 B.R. 749 (Bankr.D.Conn.1992) and *In re Albert Peia,* 204 B.R. 310 and Appendix B (Bankr.D.Conn.1996).

California, his thirteenth bankruptcy petition in nine years. On March 21, 1996, NNS filed an emergency motion for an order that the eviction action could continue. In May 1996, Judge Shiff granted the motion, finding that the California filing was not bona fide.

17. Peia has used his bankruptcy cases as a vehicle for filing pro se complaints against numerous defendants, including governments, judges and lawyers. In the course of the pending case alone, he has commenced at least seven adversary proceedings.

18. Peia's pro se complaints in the adversary proceedings, some of which were admitted into evidence at the hearing, show that he believes himself to be a victim of a conspiracy involving members of organized crime and their associates. Peia has made complaints to the Federal Bureau of Investigation but has gotten no satisfaction. Based on his statements and demeanor at the hearing, he appears to be convinced that such a conspiracy actually exists and that the wrongdoers have managed to escape detection and punishment due to corruption in the federal judiciary.

19. Peia's pro se complaints in the adversary proceedings include ethnic and religious slurs. At the hearing, plaintiff demonstrated, and Peia did not deny, that in a conversation with a member of the staff of plaintiff's law firm, Peia referred to Judge Shiff as a "corrupt kike." Peia appears to understand that his ethnic and religious slurs are offensive to others.

20. In 1992, Peia commenced a civil RICO action in this District against numerous defendants, including Judge Shiff. *Peia v. Executor*, 5:92CV166(JBA). The U.S. Attorney moved to dismiss the action against the judicial officers named as defendants. In February 1993, that motion was granted.

21. Peia is likely to continue to try to use the federal courts to pursue claims against Judge Shiff.

22. Peia does not have an objective good faith expectation of prevailing against Judge Shiff.

23. Peia's bankruptcy petitions and pro se complaints have caused needless expense to other parties and imposed an unnecessary burden on the bankruptcy courts and their personnel.

24. Peia has threatened to sue plaintiff Coan. There is no indication that Peia has a viable claim against plaintiff or plaintiff's law firm. However, Peia has not sued plaintiff before. Nor does he appear to have sued any other bankruptcy trustee.

### Conclusions of Law

25. "The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute." *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982) (per curiam).

26. "The Traditional standards for injunctive relief, i.e. irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *In re Martin–Trigona*, 737 F.2d at 1254.

27. Vexatious litigation cannot be countenanced even if the litigant has a "subjective conviction that he has suffered an unremedied injury." *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2d Cir.1986).

28. Litigants like Peia "forfeit their right to the full panoply of procedures available in the conduct of normal litigation." *In re Martin–Trigona*, 9 F.3d 226, 230 (2d Cir. 1993).

29. The requested remedy of subjecting Peia to a "leave of court" requirement with regard to any future legal action against Judge Shiff is reasonable because any such action would be repetitive of the civil RICO action that was dismissed as to Judge Shiff and other sanctions have failed to deter Peia from filing improper actions. *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir.1990).

30. On the existing record, a "leave of court" requirement should not be imposed on Peia with regard to any future legal action he might bring against plaintiff Coan. *Id.; see Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir.1997) (vexatious litigant properly enjoined from filing actions after being warned twice that further filings of repetitive

actions might result in sanctions like injunction under review). If Peia does sue Coan, and the complaint proves to be frivolous, appropriate sanctions can be imposed by the judge who gets that complaint, including an order prohibiting Peia from filing another action against Coan without leave of court.

## Conclusion

Accordingly, it is hereby ordered as follows:

1. Plaintiff's motion for a preliminary injunction is granted in part and denied in part.

2. Until further order of this court, defendant Albert L. Peia is prohibited from bringing new actions in any tribunal, state or federal, against the Hon. Alan H.W. Shiff, Chief Bankruptcy Judge of the United States District Court for the District of Connecticut, without first obtaining leave from a district judge of the United States District Court for the District of Connecticut.

3. This prohibition does not apply to complaints filed by defendant Peia or anyone acting on his behalf under 28 U.S.C. § 372(c).

4. This ruling and order is without prejudice to any application for a vexatious litigant order that might be made to Judge Arterton by any of the defendants in the civil RICO action entitled *Peia v. Executor*, 5:92cv166(JBA). And,

5. Defendant Peia will show cause by memorandum filed and served on or before September 15, 1997, why this preliminary injunction should not be made permanent.

So ordered.