**Albert M. PEIA, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. Civ. 3:00cv2310 (PCD).**

United States District Court, D. Connecticut.

May 22, 2001.

Albert L. Peia, Reseda, CA, pro se.

Ann M. Nevins, U.S. Attorney's Office, Bridgeport, CT, for U.S.

Timothy D. Miltenberger, Coan, Lewendon, Royston & Gulliver, New Haven, CT, for Richard M. Coan.

*RULING ON DEFENDANT UNITED STATES'S MOTION TO DISMISS*

DORSEY, Senior District Judge.

The United States moves to dismiss all Plaintiff's claims. The motion is granted.

## I. JURISDICTION

Plaintiff, *pro se*, sues under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–1968, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1291, 1346, 1402, 2401–2402, 2411–2412, 2671–2680. This court has subject matter jurisdiction pursuant to 18 U.S.C. § 1964(a) and 28 U.S.C. §§ 1331, 1346(b)(1).

## II. BACKGROUND

The facts are taken as alleged in the complaint[1]. Plaintiff alleges a broad-ranging conspiracy involving the United States of America, the U.S. Bankruptcy Courts, various U.S. District Court Judges, various U.S. Bankruptcy Trustees, the U.S. Attorney's Office, Donald Trump, the FBI, and fifteen John Doe defendants. The scheme involves the United States laundering proceeds from illegal drug sales through the New Jersey casinos of Donald Trump and systematically defrauding bankruptcy creditors and debtors through the theft of property and surplus funds generated through bankruptcy sales. Plaintiff further alleges fraud and a massive cover-up, effected by misrepresenting court proceedings and removing court documents, as part of the underlying crimes that give rise to his civil RICO claims.

In 1987, Plaintiff commenced an action alleging civil RICO violations in the U.S. District Court for the District of New Jersey to recover money owed to him by a Mr. Dilena. The case was assigned to District Judge Maryanne Trump Barry[2]. The thrust of his claim was that Mr. Dilena diverted funds owed to Plaintiff and co-mingled them with illicit drug profits that were then laundered through the Trump casinos. Contemporaneous to the 1987 RICO action, Plaintiff claims that he informed Assistant U.S. Attorney Jonathan Lacey of the RICO scheme and provided him with documents to support his theory. After no answer from Mr. Lacey for several months, Plaintiff learned Mr. Lacey was no longer with the U.S. Attorney's office and that his documents could not be found. Plaintiff delivered another package of the same documents several months later to U.S. Attorney Sam Alito.[3] After no contact for several months Plaintiff learned that Mr. Alito was no longer working in the U.S. Attorney's office and that his documents could not be located. Plaintiff then attempted to tell his story to agents of the FBI, but they were not receptive.

As a result of deliberately slow proceedings in his 1987 RICO action, Plaintiff filed for bankruptcy in New Jersey in 1988. Later in 1988, he sought to recuse Judge Barry because she was the sister of Donald Trump, owner of the Trump Casinos involved in the RICO scheme. At this time Plaintiff met with then U.S. Bankruptcy Trustee Hugh Leonard to convince him to join Plaintiff's motion to recuse. Mr. Leonard declined. The 1987 RICO action was dismissed in 1989.

In March 1989, Plaintiff filed a petition for Chapter 13 bankruptcy in Connecticut. In September 1989, this action was dismissed. Also in September 1989, prior to when his 1989 Connecticut bankruptcy action was dismissed, Plaintiff initiated a Chapter 7 bankruptcy petition in Virginia.

---

1. Where the timing and interrelation of Plaintiff's previous lawsuits were not clear, the facts have been supplemented by the chronology provided in one of Plaintiff's previous cases, *Coan v. Peia (In re Peia)*, 212 B.R. 217 (D.Conn.1997).

2. Judge Barry subsequently was appointed to the Court of Appeals for the Third Circuit.

3. Plaintiff incorrectly refers to Mr. "Allito." Mr. Alito subsequently was appointed to the Court of Appeals for the Third Circuit.

The 1989 Connecticut proceedings were not consummated according to law, causing Plaintiff an undisclosed yet substantial financial loss. As a result, Plaintiff sent a notice of claim, pursuant to the FTCA, to the U.S. Attorney General sometime in late 1991.[4] Apparently, the United States did not respond to Plaintiff's notice of claim.

In April 1992, Plaintiff filed a second RICO action against Mr. Dilena and others in the U.S. District Court for the District of Connecticut. That action eventually was dismissed without prejudice sometime in 1996. Also in 1992, Plaintiff filed two more separate Chapter 13 bankruptcy actions in Connecticut.

In January 1993, U.S. Bankruptcy Court Chief Judge Alan H.W. Shiff made false representations regarding a hearing date for one of Plaintiff's two 1992 Connecticut bankruptcy actions. This happened during contempt proceedings against Plaintiff for violating a ban on filing bankruptcy petitions. The contempt charges were eventually dropped, but not before Plaintiff suffered financial loss due to fines imposed and due to his inability to proceed with bankruptcy actions. Judge Shiff's use of fraudulently misdated notices of hearings was in furtherance of the scheme to conceal money laundering activities, theft, and bankruptcy fraud.

On December 5, 1996, Judge Shiff dismissed Plaintiff's Connecticut Chapter 13 bankruptcy proceedings.[5] He did this in furtherance of the RICO conspiracy. As a result of Judge Shiff's false statements, a separate Chapter 13 bankruptcy proceeding begun in California was also dismissed.

In May 1996, Mr. Richard Coan was appointed U.S. Bankruptcy Trustee to Plaintiff's bankruptcy estate. Mr. Coan, as part of a cover-up for the RICO scheme, sold real property belonging to Plaintiff and in doing so unlawfully withheld surplus funds from the sale. Mr. Coan was also responsible for the theft of personal property belonging to Plaintiff.

In 1999, Plaintiff commenced an action in the U.S. District Court for the Central District of California, *Peia v. United States*, No. CV 99–02633 (C.D.Cal. Nov. 24, 1999), *aff'd*, 246 F.3d 675 (9th Cir.2000) (unpublished), *cert. denied*, —— U.S. ——, 121 S.Ct. 1737, 149 L.Ed.2d 661 (2001), alleging the facts and injuries above. The action was assigned to District Judge A. Howard Matz. All claims against the United States were dismissed on the merits with prejudice. Plaintiff appealed. The appellate court affirmed the dismissal. Plaintiff now alleges Judge Matz, as part of the RICO conspiracy, fraudulently misrepresented the proceedings in Plaintiff's California case.

Plaintiff's final allegation is that fifteen John Doe defendants, presumably employees of the United States, acted in a negligent manner in furtherance of the RICO scheme.

On December 4, 2000, Plaintiff filed the present complaint. Plaintiff's claims include violations of RICO, theft, fraudulent concealment, fraudulent misrepresentation[6], and failure to supervise. The Unit-

---

4. Although not clear, for purposes of this ruling this court will presume the notice of claim was sent less than two years after the dismissal of his Connecticut Chapter 13 bankruptcy in September 1989, thus escaping the FTCA's two-year statutory time bar. *See* 28 U.S.C. § 2401(b).

5. It is not clear from the complaint which of Plaintiff's bankruptcies was dismissed.

6. Not reached is whether a claim for misrepresentation against the United States is available under the FTCA.

ed States now moves to dismiss. Plaintiff opposes the motion.

## III. DISCUSSION

### A. Standard of Review

■ The United States improperly moves to dismiss all Plaintiff's claims under FED.R.CIV.P. 12(b)(6), arguing in part the statute of limitations and res judicata. A motion to dismiss under FED.R.CIV.P. 12(b)(6) looks to the sufficiency of the complaint only. Here the United States asks the court to consider other facts, namely, the date the present complaint was filed and the contents of the complaint in the 1999 lawsuit. When moving to dismiss based on facts beyond the bare face of the complaint, the motion is properly pursuant to FED.R.CIV.P. 12(c), judgment on the pleadings. The United States's motion is construed as such. Upon motion for judgment on the pleadings, pursuant to FED. R.CIV.P. 12(c), the court "appl[ies] the same standard as that applicable to a motion under Rule 12(b)(6)." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994).

■ A complaint may not be dismissed under Rule 12(b)(6) unless the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see* FED.R.CIV.P. 12(b)(6). The factual allegations are presumed to be true, and all factual inferences are to be drawn in Plaintiff's favor. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). As a *pro se* party, Plaintiff is entitled to some deference in meeting pleading requirements. *See Haines v. Kerner*, 404 U.S. 519, 520, 92

S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

### B. Dismissal Due to Statutes of Limitations

■ The present action was filed on December 4, 2000. The statute of limitations for civil RICO claims is four years. *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.*, 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). All of the activity in all counts of the complaint, with the exception of Judge Matz's 1999 alleged misrepresentation of the record and Judge Shiff's 1996 order of dismissal, occurred on or before December 4, 1996. Accordingly, all civil RICO claims, other than arising from either of these two events, are time-barred [7].

■ The statute of limitations for FTCA claims is two years. 28 U.S.C. § 2401(b). All of the activity in all counts of the complaint, with the exception of Judge Matz's 1999 alleged misrepresentation of the record, occurred on or before December 4, 1998. Accordingly, all FTCA claims, other than arising from this dismissal, are time-barred.

■ Plaintiff argues that the doctrines of fraudulent concealment, equitable estoppel, and equitable tolling preclude any of his claims from being time-barred. As to the doctrine of fraudulent concealment, "[t]he doctrine is properly invoked only if a plaintiff establishes affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." *Pincay v. Andrews*, 238 F.3d 1106, 1110 (9th Cir.2001) (quoting *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415 (9th

---

7. Judge Matz and Judge Shiff are not named as defendants in the caption of Plaintiff's complaint. Accordingly, all claims against them are waived, even though they are referred to as defendants in the body of his complaint.

Cir.1987)). While Plaintiff does allege separate acts of fraud and concealment of documents by the United States, those acts serve as the basis for establishment of his claims, rather than conduct that led Plaintiff to reasonably believe he did not have a claim as the exception requires.

■■■■ As to the doctrine of equitable estoppel, "equitable estoppel is invoked in cases where the plaintiff knew of the existence of his cause of action, but the defendant's conduct caused him to delay bringing his lawsuit." *Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 61 (2d Cir.1986) (quoting *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir. 1985)). Plaintiff does not allege that any of the United States's actions prevented or delayed him from pursuing any claims. Indeed, Plaintiff seems to be anything but prevented from pursuing his claims. His own complaint lists no less than nine separate actions commenced since his discovery of the RICO conspiracy in 1987.

■■■■ As to the doctrine of equitable tolling, "[a] statute of limitations may be tolled as necessary to avoid inequitable circumstances. Equitable tolling applies as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." *Iavorski v. INS*, 232 F.3d 124, 129 (2d Cir.2000) (internal citations and quotation marks omitted and second alteration in the original). Plaintiff does not allege any circumstances that would have prevented him from filing any claims at any time.

## C. Dismissal Due to Res Judicata

■■■■. The United States moves to dismiss Plaintiff's entire complaint on the basis of res judicata because all his claims have previously reached a final judgment on the merits. "Res judicata ... makes a final, valid judgment conclusive on the parties, and those in privity with them, as to all matters, fact and law, [that] were or should have been adjudicated in the proceeding." *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir.2000) (citation omitted and alterations in the original). Prior suits involving the same claim or common nucleus of operative facts have a claim preclusive effect on all subsequent suits, barring further litigation. *Waldman*, 207 F.3d 105. "To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations...." *Id.* at 108 (citation omitted).

Upon examination, Plaintiff's first amended complaint in his 1999 California action, *Peia v. United State*, No. CV 99–02633 (C.D.Cal. Nov. 24, 1999), alleged that Judge Shiff's 1996 order of dismissal was the basis for civil RICO claims. This common nucleus of operative facts between the suits (and indeed common legal claims) precludes his present civil RICO claim against the United States and the U.S. Bankruptcy Courts based on Judge Shiff's 1996 order of dismissal.[8]

---

8. Upon examination, Plaintiff's complaint in the present case is almost factually identical to his first amended complaint in his 1999 California action, *Peia v. United States*, No. CV 99–02633 (C.D.Cal. Nov. 24, 1999), and moreover seeks to address the same claims. This common nucleus of operative facts between the suits provides an alternative basis to dismiss the claims previously dismissed under the statute of limitations. The only new facts alleged are the addition of Judge Matz as a member of the RICO scheme and his predicate acts of misrepresentation. As these acts necessarily could not have been part of the complaint in that suit, res judicata would not be applicable to them.

██ Plaintiff asserts that the pendency of his petition for a writ of certiorari to the U.S. Supreme Court from the Ninth Circuit's affirmation of the dismissal of his California action precludes it from being a final judgment [9]. His argument fails. The pendency of an appeal does not suspend the claim-preclusive effect of a final judgment from a lower court. *Prager v. El Paso Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir.1969) (per curiam).

Plaintiff further asserts that "a federal court's dismissal of suit 'on the merits' based on statute of limitations doesn't necessarily have claim-preclusive effect in another state." Plaintiff cites to *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), in support of his assertion. While this proposition is true in limited instances, Plaintiff's reliance on this case is misplaced. The present case is distinguishable from *Semtek International*, which dealt with state law claims brought to federal court under diversity jurisdiction. When claims are brought under diversity jurisdiction, the statute of limitations period may vary in districts located in different states. However, when claims are brought under RICO the statute of limitations period will not vary from district to district.[10] *See Agency Holding Corp.*, 483 U.S. at 149, 107 S.Ct. 2759. In the present case all Plaintiff's claims are brought under RICO and the FTCA, making *Semtek International* inapplicable.

### D. Dismissal Because the United States is Not Proper Party to a Civil RICO Action

██ Plaintiff alleges that the United States, acting through the U.S. Bankruptcy Court for the District of Connecticut, engaged in a pattern of conduct that included *inter alia* money laundering, obstruction of justice, bribery, racketeering, theft, fraud, and misrepresentation. Plaintiff further alleges that these actions give rise to a private right of action against the United States under 18 U.S.C. § 1964. His argument fails. The civil remedy provision of RICO, 18 U.S.C. § 1964, grants a private right of action to a person whose property is injured by reason of a violation of 18 U.S.C. § 1962. Violations of 18 U.S.C. § 1962 must be committed by a person, as defined by 18 U.S.C. § 1961(3). The United States is not considered a person under RICO and therefore as a matter of law is not a proper party to Plaintiff's RICO claim. *See United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20, 21–27 (2d Cir.1989). Plaintiff's civil RICO claim against the United States arising out of Judge Matz's 1999 alleged misrepresentation of the record is dismissed.[11]

**9.** Subsequent to filing his memorandum in opposition, Plaintiff's petition was denied. —— U.S. ——, 121 S.Ct. 1737, 149 L.Ed.2d 661 (2001).

**10.** Nor does the statute of limitations for FTCA claims vary from district to district. *See* 28 U.S.C. § 2401(b).

**11.** Because the United States is not a proper party to a civil RICO action, this provides an alternative basis, in addition to the statute of limitations and res judicata, to dismiss all Plaintiff's civil RICO claims against the United States. It would also provide an alterna-tive basis to dismiss all Plaintiff's civil RICO claims against the U.S. Bankruptcy Courts for although a court may be an enterprise for purposes of RICO, *Averbach v. Rival Mfg. Co.*, 809 F.2d 1016, 1018 (3d Cir.1987) (citing cases about municipal court systems), it has not been shown that a U.S. Bankruptcy Court is a person for purposes of RICO. Nonetheless, as a federal entity, the U.S. Bankruptcy Courts are entitled to the same immunities as the sovereign. *See Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir.1990) (sovereign "immunity extends to the government's officers and agencies"); *see also Golyar v. McCausland*, 738 F.Supp. 1090, 1096

### E. Dismissal for Judicial Immunity

■ With the dismissal of many of Plaintiff's claims due to the statutes of limitations, the dismissal of the civil RICO claim arising out of Judge Shiff's 1996 order of dismissal due to res judicata, and the dismissal of the civil RICO claim arising out of Judge Matz's 1999 alleged misrepresentation of the record because the United States is not a proper party to a civil RICO claim, the only remaining claim is the FTCA claim against the United States arising out of Judge Matz's 1999 alleged misrepresentation of the record.

■ "[J]udicial immunity is an immunity from suit ... not overcome by allegations of bad faith or malice...." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (internal citations omitted). "This immunity applies even when the judge is accused of acting maliciously and corruptly...." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

■ Judicial immunity may only be overcome if the actions complained of are nonjudicial in nature or are preformed in "the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11, 112 S.Ct. 286. Judge Matz's representation of the record of proceedings in Plaintiff's California case, even if fraudulent and in furtherance of a massive cover-up, was clearly a judicial act performed within the jurisdiction of the court. Since Judge Matz's acts cannot be tortious, the United States cannot be held liable for the result flowing from them. Plaintiff's final FTCA claim against the United States arising out of

(W.D.Mich.1990) (sovereign immunity applies to federal agency when it is the named defendant).

Judge Matz's 1999 alleged misrepresentation of the record is dismissed.[12]

### IV. CONCLUSION

Defendant United States's motion to dismiss, (Dkt. No. 10), is **granted.** All claims against the United States and against the U.S. Bankruptcy Courts are dismissed.

SO ORDERED.

**12.** Judicial immunity also provides an alternative basis, in addition to the United States not being a proper party to a civil RICO claim, to dismiss the civil RICO claim arising out of Judge Matz's conduct.