**In the matter of Richard D. SNIPES, Debtor.**

No. 03–43000.

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

May 5, 2004.

Barbara B. Braziel, Savannah, GA, for debtor.

Sylvia Ford Brown, Savannah, GA, for trustee.

### MEMORANDUM AND ORDER ON OBJECTION TO CONFIRMATION

LAMAR W. DAVIS, JR., Chief Judge.

Richard D. Snipes ("Debtor") filed a voluntary Chapter 13 case on September 23, 2003. Frederick Maner ("Maner") filed an objection to the confirmation of Debtor's plan on January 20, 2004. A confirmation hearing concerning Debtor's Chapter 13 Plan was held on March 19, 2004. This matter is a core proceeding within the jurisdiction of this Court under 28 U.S.C. § 157(b). Pursuant to Federal Rule of

Bankruptcy Procedure 7052(a), I make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

This is Debtor's seventh bankruptcy case since 1985. None of his prior Chapter 13 cases were successful. Debtor has explained the multiple filings generally by saying that they were "all about a boat." That is, each bankruptcy was motivated solely by his desire to keep his boat from being repossessed. Further, Debtor asserts that he always scheduled paying his creditors one-hundred percent. The following is an outline of the previous cases filed by Debtor:

1. Debtor first filed for relief under Chapter 7 on April 3, 1985, (case number 85–40212). Discharge in that case was granted on August 30, 1985.

2. Debtor filed for relief under Chapter 13 on August 26, 1991, (case number 91–41678). Debtor subsequently filed a motion to dismiss and an order dismissing the case was entered on March 13, 1992.

3. Debtor filed for relief under Chapter 13 on March 23, 1993, (case number 93–40494). Debtor paid into the plan for four years, but Debtor again moved for dismissal which was granted on November 10, 1997. Dismissal of this third petition came after Debtor paid over $25,000.00 only because he lost his job.

4. On November 20, 1997, Debtor filed his fourth bankruptcy petition (case number 97–43571). That Chapter 13 case was also dismissed on the motion of Debtor on April 21, 1998.

5. Debtor refiled his Chapter 13 petition on April 30, 1998, (case number 98–41303). That plan was confirmed, but was later dismissed on the motion of the Chapter 13 Trustee on March 11, 1999. Trustee's motion was based on the fact that the Debtor had defaulted which resulted in a delinquency of approximately $700.00.

6. Debtor filed a voluntary Chapter 13 petition on April 8, 1999, (case number 99–41043). Debtor moved for dismissal before a single payment was made and it was granted on June 4, 1999. Debtor explained his request for dismissal by saying that before confirmation he pledged the equity in his house in order to obtain a loan and pay Atlantic Coast Federal Credit Union the balance owed on his boat. Because the only other prepetition debt was for his automobile and it could be paid outside of bankruptcy, Debtor thought that dismissal was appropriate.

Concerning the current petition, the Chapter 13 Trustee's Exhibit A dated March 11, 2004, shows that Debtor will be making monthly payments of $500.00 and that all of his creditors will be paid in full under the plan. Further, Exhibit A also shows that Debtor has the following prepetition debts:

1. $97,521.46 mortgage debt to Deutsche Bank National Trust for the property located at 631 Valleybrook Rd.

2. $8,022.80 mortgage debt arrearage to Deutsche Bank National Trust,

3. $3,457.11 delinquent tax bill to Chatham County,

4. $7,650.00 secured debt to Transouth Financial Corp. on a 1998 GMC Jimmy automobile, and

5. $3,194.00 unsecured debt to Transouth Financial Corp.

Debtor is currently employed by the United Parcel Service and had reported income

of $38,000.00 in 2000, $49,000.00 in 2001, and $55,000 in 2002. (Statement of Financial Affairs, ¶ 1 (Sept. 23, 2003)).

Maner filed an objection to the confirmation of Debtor's plan on January 20, 2004. Debtor's relationship with Maner is based on the fact that Maner purchased the property located at 631 Valleybrook Road in a tax foreclosure sale on October 6, 2003. Because the property was foreclosed after the filing of the current petition, Debtor filed an adversary complaint against Maner to reverse the transfer of title and he contends that the tax sale was in violation of the automatic stay of 11 U.S.C. § 362. Maner has raised two issues. First, he contends that Debtor's multiple filings are evidence that the current petition was filed in bad faith such that confirmation should be denied under 11 U.S.C. § 1325(a)(3). Second, he contends that the property on Valleybrook Road is not property of the estate because Debtor quit-claimed his interest to his wife prepetition.[1] In addition, the Chapter 13 Trustee did not recommend confirmation of Debtor's current plan at the hearing on March 19, 2004.

### CONCLUSIONS OF LAW

■ Maner and the Chapter 13 Trustee have argued that this Court should not confirm Debtor's chapter 13 plan because Debtor is a serial filer. That is, they argue that Debtor's multiple filings are evidence that the current petition was filed in bad faith. The main effect of serial filing is to achieve a continuing reimposi-

tion of the automatic stay which prohibits a creditor from exercising its rights against a debtor's collateral. In addition, serial filings can increase the burden on an already congested bankruptcy court. If a debtor is allowed to repeatedly file petitions while making little or no effort to comply with the terms of their proposed Chapter 13 plan, the debtor makes a mockery of the bankruptcy system.

■ 11 U.S.C. § 1325(a)(3) provides that, "the court shall confirm a plan if—the plan has been proposed in good faith and not by any means forbidden by law." In prior decisions, this court has held that the good faith requirement is one of the central, perhaps the most important confirmation finding to be made by the court in any Chapter 13 case. *In re Young,* No. 92–41728, 1993 WL 13005094, at *2–3 (Bankr. S.D.Ga. April 19, 1993); *In re Whipple,* 138 B.R. 137, 139 (Bankr.S.D.Ga.1991); *Ga. R.R. Bank & Trust Co. v. Kull (In re Kull),* 12 B.R. 654, 658 (S.D.Ga.1981), aff'd sub. nom., *In re Kitchens,* 702 F.2d 885 (11th Cir.1983). However, the Bankruptcy Code does not define "good faith." While serial filings may be evidence of lack of good faith, there is no per se rule against the filing of successive Chapter 13 petitions. *See In re Ortiz,* 200 B.R. 485, 490 (D.Puerto Rico 1996); *In re Jones,* 289 B.R. 436, 439 (Bankr.M.D.Ala.2003); *In re Hunter,* No. 93–41649, 1994 WL 329315, at *2 (Bankr.S.D.Ga. March 31, 1994) (Walker, J.). Instead, analyzing whether a petition lacks good faith is a fact-sensitive analysis.[2] I have characterized the court's

---

**1.** This current order only deals with the issue of the confirmation of Debtor's plan. The question of whether or not the Valleybrook Road property is property of the estate will be determined in the pending adversary proceeding, case number 04–4033.

**2.** In *Kitchens v. Ga. R.R. Bank & Trust Co., (In re Kitchens),* 702 F.2d 885, 888–9 (11th

Cir.1983) the Eleventh Circuit announced that bankruptcy courts should consider the following factors in making a determination as to good faith:

    1) the amount of the debtor's income from all sources;

    2) the living expenses of the debtor and his dependents;

    3) the amount of attorney's fees;

inquiry as "whether the filing is fundamentally fair to creditors and, more generally, is the filing fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions?" *Nesmith v. James (In re James)*, No. 98–20139, 1998 WL 34064494, at *4 (Bankr.S.D.Ga. July 30, 1998) (*citing In re Love*, 957 F.2d 1350, 1357 (7th Cir.1992)).

■ There is a split of authority on the issue of which party bears the burden of proof with respect to good faith in § 1325(a)(3). Some courts hold that an objecting creditor bears the burden of proof. *See In re Mendenhall*, 54 B.R. 44, 45–7 (Bankr.W.D.Ark.1985) ("if 11 U.S.C. § 1325 places any burden on the debtor, it is the burden of coming forward with evidence to rebut any evidence introduced in support of an objection by a creditor or the Chapter 13 trustee."). In contrast, the majority of courts hold that the debtor bears the burden of establishing that the good faith standard of § 1325(a)(3) has been satisfied. *See In re Edwards*, No. 03–10018, 2003 WL 22016324, at *5 (Bankr.D.Vt. Aug.26, 2003); *In re Virden*, 279 B.R. 401, 407 (Bankr.D.Mass.2002); *In re Haskell*, 252 B.R. 236, 242 (Bankr. M.D.Fla.2000). I hold that the better reasoned rule is that the Debtor, in order to obtain the substantial benefits of a § 1328(a) super discharge, has the burden of proving that his plan has been proposed in good faith.

■ Debtor has met his burden of proof in showing that his current case has been filed in good faith. While Debtor has a long history of serial filings, the current case was filed more than four years after the last dismissal. Because so much time has passed, this court can infer no bad faith and should not deny confirmation solely because of Debtor's past filings. Further, Debtor adequately explained the circumstances of his previous cases and that evidence was not rebutted.

■ Based on an examination of the debts that Debtor scheduled, the current petition was apparently filed to save his house which was being advertised for a tax foreclosure sale. Utilization of Chapter 13 relief to save one's home is clearly a common and valid reason for filing and not the type of action that, standing alone, evidences bad faith. Whether or not Debtor will be able to establish that he holds title to the house is subject to the findings in the pending adversary proceeding.[3] However, Debtor's current petition should not be dismissed based on his prior history in this Court because the current petition was filed with the good faith intent of saving his home, particularly when the next most recent case concluded over four years prior to this filing.

Adding support to Debtor's position is the fact that he has proposed to pay his creditors one-hundred percent of their

4) the probable or expected duration of the debtor's Chapter 13 plan;
5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
6) the debtor's degree of effort;
7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
8) special circumstances such as inordinate medical expense;
9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;

10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;
11) the burden which the plan's administration would place on the trustee;
12) consideration of the type of debt to be discharged; and
13) amount of repayment to unsecured creditors.

**3.** *See* note 1 *supra*.

claims and his plan provides that all of his projected disposable income will be used to make payments under the plan. Thus, Debtor has satisfied the requirements of 11 U.S.C. § 1325(b)(1)(A) and (B)[4] so that this Court can confirm Debtor's plan despite the objection of Maner. In addition, Debtor is employed by United Parcel Service (UPS) and has seen a steady increase in his income over the last three years. Thus, Debtor clearly has the economic means to complete his plan and there is little reason to believe that the current case will harm the creditors in any way.

It is true that Debtor's history of filing bankruptcy followed by a voluntary dismissal has created a burden on this Court and the Chapter 13 Trustee. Nevertheless, the amount of time since Debtor's last filing, his motivation in filing the current petition, the fact that he has scheduled to pay all creditors one-hundred percent, and the apparent stability of his employment lead me to the conclusion that Debtor's current bankruptcy petition is fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Objection to Confirmation filed by Frederick Maner is denied and the Debtor's Chapter 13 plan is CONFIRMED.

4. 11 U.S.C. § 1325(b)(1) requires that:

If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.