**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2171
_____

In re: VICTOR MONDELLI,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 12-cv-04659)
District Judge:  Honorable William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2014

Before: RENDELL, SMITH and HARDIMAN, *Circuit Judges*.

(Filed: March 7, 2014)
_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

        Victor Mondelli appeals the District Court's order affirming the Bankruptcy

Court's dismissal of his Chapter 13 petition and its imposition of sanctions. We will

affirm.

I

        Mondelli first filed for bankruptcy on February 18, 2004.  At the time, he and his

mother Anna owned commercial property located in Berkeley Heights, New Jersey. As part of the subsequent reorganization, the Bankruptcy Court approved a plan in which Mondelli obtained a $650,000 loan in May 2007 from Jack Silverman Realty & Mortgage Co. (Silverman) secured by mortgages on the commercial property.Mondelli also granted Silverman's affiliate, Berkeley Realty Partners 244, LLC (Berkeley), a 99-year lease to redevelop the property.

Mondelli used the funds obtained from Silverman to pay his creditors in full, but then sought to void Silverman's mortgages by filing numerous motions with the New Jersey Superior Court, the Bankruptcy Court, the District Court, the Third Circuit, and the Supreme Court. While Mondelli's efforts proved unsuccessful, they prevented Berkeley from obtaining financing for and moving forward with its development project. In March 2011, vexed by Mondelli's litigation to void the bankruptcy plan, the District Court imposed monetary sanctions on Mondelli's counsel. *See In re Mondelli*, Civ. No. 10-3393, 2011 WL 1211433, *8 (D.N.J. Mar. 19, 2011), *aff'd* at No. 11-3029, 2012 WL 6685476 (3d Cir. Dec. 26, 2012).

While Mondelli maneuvered through the federal courts, he defaulted on his payments to Silverman. Silverman obtained judgments of foreclosure in the New Jersey Superior Court in September 2011, and a sheriff's sale of the commercial property was scheduled for February 1, 2012. At Mondelli's request, the sale was adjourned until

2

February 29, 2012.[1]

Mondelli filed multiple motions to stay the sheriff's sale, which were denied.  He then applied to the New Jersey Superior Court for permission to file an emergency application for a stay, which was denied on the afternoon of February 28, 2012, the day before the scheduled sheriff's sale.

That same evening, Anna Mondelli filed a voluntary petition for bankruptcy under Chapter 13, which again stayed the sale.  The Bankruptcy Court dismissed this petition as a bad-faith filing and lifted the stay, and the sheriff's sale was rescheduled for March 14, 2012.

On the morning of March 14, 2012, Mondelli filed yet another Chapter 13 petition, which is the subject of this appeal.  Silverman moved to dismiss the petition the same day, requesting the Bankruptcy Court to sanction Mondelli for making "another in a long chain of bad faith [filings]." Silverman Mot. to Dismiss 13, B.R. No. 12-16514, ECF No. 3-2.  Silverman also claimed that "the games and the outrageous conduct of Mr. Mondelli and his attorneys" had cost Silverman $300 a day.  On March 20, 2012, the Bankruptcy Court entered an order dismissing Mondelli's petition as a bad-faith filing and sanctioning him $6,000.  Mondelli appealed to the District Court, which affirmed the Bankruptcy Court's

---

[1] Mondelli also sought to evict Berkeley from the property in a suit filed February 2012 in landlord-tenant court. This action was transferred to the New Jersey Chancery Division and consolidated with another pending state-court action involving Mondelli, Silverman, and Berkeley.

decision on March 21, 2013.

Mondelli timely filed this appeal. While this appeal was pending, Silverman

purchased the property for $100 at a rescheduled foreclosure sale.

II[2]

Mondelli's principal argument on appeal is that the Bankruptcy Court erred in

dismissing his petition as a bad-faith filing.[3]

A bankruptcy court may dismiss a Chapter 13 petition that is filed in bad faith "for

---

[2] The District Court had jurisdiction under 28 U.S.C. § 158(a)(1) and we have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. Because the District Court sat as an appellate court reviewing the Bankruptcy Court's order, we review its decision de novo. *In re Continental Airlines*, 125 F.3d 120, 128 (3d Cir. 1997). Exercising the same standard of review as the District Court, we review the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its final determinations for abuse of discretion. *Id.* We review the Bankruptcy Court's imposition of sanctions for abuse of discretion. *Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995).

[3] Mondelli raises six additional arguments on appeal. Specifically, he challenges the conversion of his 2004 bankruptcy case from a Chapter 13 to a Chapter 7 petition, the denial of his right to dismiss that case, and the Court permitting him to enter into the mortgages and loan agreement with Silverman in 2007, over the Trustee's objection. He also claims that the loss of his property to Silverman through foreclosure was unconscionable, that the Bankruptcy Court and the District Court failed to consider Silverman's wrongdoing in providing the mortgages, and that he was mentally incapable of representing himself in these bankruptcy proceedings. Because these claims do not stem from the present petition, they are not properly before us on appeal. Moreover, Mondelli's arguments on these issues are collaterally estopped because they have been fully litigated in prior decisions. *See Raytech Corp. v. White*, 54 F.3d 187, 190 (3d Cir. 1995).

4

cause" under 11 U.S.C. § 1307(c). In determining whether a bankruptcy was filed in bad faith, courts look to the factors articulated in *In re Lilley*, 91 F.3d 491 (3d Cir. 1996), which include:

> [T]he nature of the debt; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

*Id.* at 496 (quoting *In re Love*, 957 F.2d 1350, 1357 (7th Cir. 1992)) (alteration omitted).

As the Bankruptcy Court noted in this case, the suspicious timing of Mondelli's petition indicated that his sole purpose in filing for bankruptcy was to delay the sheriff's sale of the property. Indeed, his filing occurred only after numerous attempts to stay the sale were denied in the New Jersey Superior Court, and after his mother's petition, which also operated to reschedule the sale, was dismissed by the Bankruptcy Court as filed in bad faith. The record also shows that Mondelli received credit counseling on February 29, 2012, the day after his mother's unsuccessful petition. Thus, while he had enough information then to file his own petition, he waited two weeks for a more strategic moment—on the eve of the rescheduled March 14 sheriff's sale—to do so. Having failed to void Silverman's mortgages on the property, and having defaulted on his obligations, Mondelli sought to avoid the consequences of his actions by abusing the bankruptcy process through his dilatory conduct.

Mondelli claims that his petition was filed in good faith, insisting that he had a

5

"viable plan to extract himself from the bankruptcy case once it was filed." This argument is based on Mondelli's unsupported statement that his cousin would purchase the commercial property. The Bankruptcy Court found as a matter of fact that this familial bailout was illusory, as the proposed contract was contingent on a $1.2 million mortgage that could take months to resolve, and required "confirmation there [was] no pending or threatened litigation or appeals." The purchase agreement also required the sellers to deliver clear and marketable title at closing, a near impossibility given Berkeley's 99-year lease on the property. Mondelli never approached Silverman with a proposal for a buyout, nor did he bring his cousin to the sheriff's sale where the property was ultimately sold.

Mondelli also contends that the Bankruptcy Court erred in considering prior bankruptcy proceedings, including his mother's failed petition, in determining whether the petition at issue was filed in bad faith. Again, we disagree. The Bankruptcy Court rightly found Mondelli's pattern of filings probative of his motives in this petition. While the Bankruptcy Court did err in finding that Mondelli exercised power of attorney over his mother's petition, it had a reasonable basis to determine that Mondelli was aware of and orchestrated her filing.

Accordingly, we find no error in the Bankruptcy Court's ruling that Mondelli had no reasonable prospect of reorganization under Chapter 13, and that there was no

legitimate purpose for his bankruptcy filing.[4]

III

Mondelli also challenges the Bankruptcy Court's imposition of sanctions, claiming it was inappropriate because his petition was made in good faith. Because the Bankruptcy Court properly determined that Mondelli acted in bad faith, it similarly acted within its discretion in sanctioning him for the costs Silverman and the Chapter 13 Standing Trustee have incurred in responding to this petition. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (a federal court may use its "inherent power to impose attorney's fees as a sanction for bad-faith conduct"). And the amount of sanctions is, as Mondelli tacitly concedes, well within reason on the facts of this case.

IV

For the foregoing reasons, we will affirm the District Court's order upholding the Bankruptcy Court's dismissal of Mondelli's Chapter 13 petition as a bad-faith filing and its decision to impose $6,000 in sanctions.

---

[4] Silverman also contends that the Bankruptcy Court did not have jurisdiction over this petition because the amount Mondelli owed exceeded the statutory limit set forth in 11 U.S.C. § 109(e).  Because the Bankruptcy Court's finding of bad faith is an independent ground for dismissal, we do not reach this argument.

7