**FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

———————————————

**BAP NO. PR 24-019**

———————————————

**Bankruptcy Case No. 24-01333-ESL**

———————————————

**RAY LEONERDIRT DÍAZ SANTIAGO,**
**Debtor.**

———————————————

**RAY LEONERDIRT DÍAZ SANTIAGO,**
**Appellant,**

**v.**

**JOSÉ R. CARRIÓN, Chapter 13 Trustee, and**
**PLANET HOME LENDING, LLC,**
**as Servicer for Luna Residential III, LLC,**
**Appellees.**

———————————————

**Appeal from the United States Bankruptcy Court**
**for the District of Puerto Rico**
**(Edward A. Godoy, U.S. Bankruptcy Judge)[1]**

———————————————

**Before**
**Finkle, Chief U.S. Bankruptcy Appellate Panel Judge;**
**Panos and Katz, U.S. Bankruptcy Appellate Panel Judges**

———————————————

**Ray Leonerdirt Díaz Santiago, Pro Se, on brief for Appellant.**
**Sergio A. Ramirez de Arellano, Esq., on brief for Appellee, Planet Home Financing, LLC.**
**José R. Carrión, Esq., on brief for José R. Carrión, Chapter 13 Trustee.**

———————————————

**September 3, 2025**

———————————————

---

[1] The Honorable Edward A. Godoy presided over the bankruptcy case and rendered the order at issue in this appeal. The bankruptcy case was later reassigned to the Honorable Enrique S. Lamoutte.

**Katz, U.S. Bankruptcy Appellate Panel Judge.**

On the eve of a foreclosure sale of his property, Ray Leonerdirt Díaz Santiago (the "Debtor") filed a chapter 13 bankruptcy petition, his fifth bankruptcy filing within seven years. The chapter 13 trustee moved to dismiss the Debtor's case on the grounds of bad faith, inability to propose a feasible plan, and prejudicial delay to creditors. After a hearing, the bankruptcy court granted the trustee's motion and dismissed the Debtor's bankruptcy case with a six-month bar to refiling. The Debtor appealed.

Because the Debtor's property was sold in a judicial sale after foreclosure proceedings and the Debtor has been evicted from the property, we cannot provide any effective relief even if we were to reverse the dismissal order. Accordingly, we lack jurisdiction and **DISMISS** this appeal as moot. Alternatively, even if this appeal were not moot, we would **AFFIRM** the dismissal order.

## BACKGROUND

The Debtor represents that he is a filmmaker, screenwriter, and educator in the arts industry. Prior to the filing of the subject petition, the Debtor owned real property which served as his residence and "workshop" where he conducted his business.

## I. The Debtor's Prior Bankruptcy Cases

Before he filed the subject bankruptcy petition, the Debtor filed four prior bankruptcy cases, all of which were dismissed: two for failure to make plan payments, one for failure to obtain plan confirmation, and one for failure to file a credit counseling certificate. See Case Nos. 16-05711, 19-03482, 20-05057, 23-04134 (Bankr. D.P.R.). In three of those cases, the mortgagee moved for relief from the automatic stay due to the Debtor's failure to make

2

post-petition mortgage payments.[2] Between the filing of the Debtor's first bankruptcy case in 2016 and the subject case in 2024, the mortgage arrears increased from approximately $28,000 to more than $139,000, almost five times the original amount.

## II. The Subject Bankruptcy Case

On April 1, 2024, only 34 days after his fourth case was dismissed and the night before a foreclosure sale of his property, the Debtor filed the subject chapter 13 petition. The Debtor did not list any creditors on his bankruptcy schedules. However, several creditors filed proofs of claim, including Planet Home Financing, LLC, as servicer for Luna Residential III, LLC ("Planet Home"), which asserted a claim of approximately $375,000, including more than $139,000 in pre-petition arrears, secured by a mortgage on the Debtor's property. Additional claims included a secured claim of approximately $9,300 for condominium fees, a priority tax claim of approximately $24,000, and general unsecured claims totaling more than $67,000. The Debtor did not file objections to any of those claims.

In his initial chapter 13 plan filed on April 26, 2024, the Debtor proposed to make monthly installment payments to Planet Home but provided no treatment for any other claims. Planet Home objected to confirmation arguing, among other things, that the proposed installments were less than the current monthly mortgage payments and that the plan did not provide for payment of pre-petition mortgage arrears. The bankruptcy court held a confirmation hearing on May 24, 2024, but the plan was not confirmed, and the hearing was continued to August 8, 2024.

---

[2] Two of the cases were dismissed before the motions for relief from stay were resolved. In the third case, a stipulation regarding the motion for relief from stay was filed, but the case was dismissed before the stipulation could be approved.

On May 22, 2024, the bankruptcy court, at Planet Home's request, entered an order under § 362(j) confirming that the automatic stay had terminated on May 1, 2024—30 days after the bankruptcy filing—by operation of law under § 362(c)(3)(A), as the Debtor had a prior bankruptcy case which was dismissed in the preceding year and the Debtor did not seek to extend the automatic stay in the present case pursuant to § 362(c)(3)(B).[3]

Also, at the end of May 2024, the chapter 13 trustee filed a motion (joined by Planet Home) seeking dismissal of the Debtor's bankruptcy case with a one-year bar to refiling. The trustee asserted there was cause to dismiss under § 1307(c) as the petition was filed in bad faith, the Debtor could not propose a feasible plan, and continuing the case would cause prejudicial delay to creditors.

The Debtor did not file a timely response to the motion to dismiss. Instead, he filed four different motions seeking to stay a public sale of the property scheduled for July 1, 2024. The bankruptcy court denied all such motions, emphasizing that the automatic stay had expired by operation of law under § 362(c)(3)(A) and that the Debtor was seeking to reimpose the automatic stay, which required the filing of an adversary proceeding. The record reflects that the property was, in fact, sold at a judicial sale on July 1, 2024.

The Debtor having failed to file any response to the motion to dismiss, the bankruptcy court entered an order directing him to show cause why his case should not be dismissed with a one-year bar to refiling, as requested by the trustee and Planet Home. In his response, the Debtor did not address the grounds for dismissal set forth in the trustee's motion to dismiss. Instead, he challenged the bankruptcy court's previous application of § 362(c)(3)(A) in determining that the automatic stay had terminated.

---

[3] Unless otherwise indicated, all references to specific statutory sections are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

On July 10, 2024, the Debtor filed an amended chapter 13 plan. Although the property had already been sold at a judicial sale on July 1st, the Debtor proposed to make monthly maintenance payments to Planet Home. As with his original plan, the amended plan provided no treatment for any other claims. The trustee objected to confirmation on multiple grounds.

After a scheduled hearing on plan confirmation on August 8, 2024, the bankruptcy court entered the order dismissing the Debtor's bankruptcy case with a six-month bar to refiling. This appeal followed. The Debtor's attempts to obtain a stay pending appeal from the Panel were unsuccessful. His appeal of the Panel's order denying a stay also failed. The U.S. Court of Appeals for the First Circuit dismissed that appeal as moot because the automatic stay had terminated by operation of law, the property had been sold and the Debtor evicted, and the six-month bar to refiling had expired. See Díaz Santiago v. Carrión, No. 25-9001, slip op. (1st Cir. Apr. 10, 2025).

**MOOTNESS**

While the order dismissing the Debtor's chapter 13 case is a final order, see 28 U.S.C. § 158(a)-(c) (granting the Panel jurisdiction over final bankruptcy court orders); Stevenson v. TND Homes I, LP (In re Stevenson), 583 B.R. 573, 578 (B.A.P. 1st Cir. 2018), our jurisdiction does not rest on finality alone. "[M]ootness will deprive us of jurisdiction to review a final order." Melo v. GMAC Mortg., LLC (In re Melo), 496 B.R. 253, 256 (B.A.P. 1st Cir. 2013) (citation omitted). "The test for mootness of an appeal is whether we can grant [the appellant] any effective relief in the event we decide to reverse the bankruptcy court's order . . . ." Townley v. Fitzgerald (In re Townley), BAP No. WW-10-1397-JuWaPa, 2011 WL 6934444, at *6 (B.A.P. 9th Cir. Nov. 7, 2011) (citation omitted), aff'd, 553 F. App'x 731 (9th Cir. 2014).

To the extent the Debtor challenges the bankruptcy court's imposition of a six-month bar to refiling (an issue he identified generally but did not brief), that issue has become moot as the

six-month period expired on February 9, 2025. See In re Byrne, BAP No. EB 23-029, 2024 WL 3176339, at *3 (B.A.P. 1st Cir. June 6, 2024) (ruling that appeal of 180-day bar to refiling was moot because the 180-day period had expired); Carey v. Askenase (In re Carey), 221 B.R. 571, 572 (B.A.P. 1st Cir. 1998) (stating that where the "injunction against refiling has expired, there is presently no reviewable controversy").

In addition, the appeal of the dismissal itself is also moot because the property has been sold and the Debtor has been evicted. It is clear from the record that the Debtor's sole purpose in filing the subject bankruptcy case was to invoke the automatic stay to halt foreclosure proceedings against his property and to delay foreclosure as long as possible, rather than to reorganize his debts. The Debtor listed no creditors on his bankruptcy schedules, and his proposed plan provided no treatment for any claims other than his mortgage, despite the existence of outstanding condominium fees, priority tax claims, and other general unsecured claims. The Debtor's filings in the bankruptcy court—including four emergency motions seeking to stop the foreclosure sale of his property scheduled for July 1, 2024, a motion for injunctive relief filed after the property was sold, and his response to the order to show cause— exhibited a singular focus on preserving his property by challenging the bankruptcy court's determination that the automatic stay had expired under § 362(c)(3)(A). In addition, the Debtor's statements at the August 8th hearing on the motion to dismiss reflected that his only objective was to recover the property that had been sold the previous month. It is also apparent from the Debtor's appellate briefs that, in his opinion, the success of his bankruptcy case depends on his recovery of the property. See, e.g., Debtor's Reply Br. at 12 ("The success of this whole case is my property of Atlantis Condominium which its value exceeds all my debts and at some point that it fails with the proposed payment plan a successful sale would settle all

6

my debt[s]."); Debtor's Reply Br. at 15 ("[M]y property guarantees all my debts with its market value . . . .").

Reinstating the Debtor's case would not reimpose the automatic stay, which expired by operation of law. Nor would it invalidate the foreclosure sale or the Debtor's eviction or somehow bring the property back into the estate. Accordingly, the Debtor can no longer cure the arrears and maintain ongoing mortgage payments. See 11 U.S.C. § 1322(c)(1). And, as the property has already been foreclosed and sold, the Debtor cannot sell the property or use tax credits from the property to fund his plan, as he has suggested in documents filed in both the bankruptcy court and with the BAP.

As a result, even if we were to reverse the dismissal order and remand to the bankruptcy court, any further proceedings would be "fruitless" because the bankruptcy court could not grant the Debtor the relief he is ultimately seeking and on which his proposed plan is based—the return of the property. Thus, this appeal is moot because the Debtor cannot be afforded effective relief, and we lack jurisdiction to hear it. See Gregg v. U.S. Bank Tr. Nat'l Ass'n (In re Gregg), No. 4:20-CV-634, 2020 WL 7344213, at *3 (E.D. Tex. Dec. 11, 2020) (dismissing debtor's appeal of order dismissing his bankruptcy case as moot where debtor failed to obtain a stay pending appeal and his property was sold to a third party, thereby precluding meaningful relief); In re Townley, 2011 WL 6934444, at *6 (similar).

The Panel recognizes that, in many cases, an appeal of an order dismissing a chapter 13 case in which a debtor's property is foreclosed will not be moot. Saving a property from foreclosure is not the only benefit that can be achieved by filing a chapter 13 case. There are many other reasons individuals file chapter 13, and in those cases, the appellate court could provide effective relief by reversing the dismissal order and reinstating the case.

Even if the Debtor's appeal was not moot because the Debtor could theoretically propose an amended plan with a purpose other than retaining the property (for example, to address creditors other than Planet Home),[4] that argument was not squarely raised by the Debtor. Moreover, as discussed below, we would conclude that the bankruptcy court did not abuse its discretion or commit clear error in dismissing the Debtor's bankruptcy case.

## STANDARD OF REVIEW IF THIS COURT HAD JURISDICTION

The Panel reviews a bankruptcy court's order dismissing a chapter 13 case for an abuse of discretion, In re Stevenson, 583 B.R. at 579, although the facts underlying the decision are reviewed under a clearly erroneous standard. In re Ortiz Ortiz, 200 B.R. 485, 489 (D.P.R. 1996). It is well-settled in the First Circuit that a bankruptcy court's determination that a party has acted in bad faith is a question of fact which is reviewed for clear error. See In re Fiorillo, 455 B.R. 297, 303 (D. Mass. 2011) (citing Marrama v. Citizens Bank of Mass. (In re Marrama), 430 F.3d 474, 482 (1st Cir. 2005) ("As 'good faith' is a fact-intensive determination to be made on a case-by-case basis, we review the instant finding as to 'bad faith' for clear error only."), aff'd, 549 U.S. 365 (2007)).

## DISCUSSION

Section 1307(c) authorizes the bankruptcy court, after notice and a hearing, to dismiss a chapter 13 case or convert the case to one under chapter 7 "for cause." 11 U.S.C. § 1307(c). The Bankruptcy Code lists eleven examples of cause justifying dismissal or conversion of a

---

[4] Contrary to the notion of proposing an amended plan to pay his other creditors if we reversed the dismissal order, the Debtor expressed his intent not to pay those creditors in his bankruptcy case in both his response to the trustee's objection to confirmation (wherein the Debtor described the other claims as "not fall[ing] within this [bankruptcy] process") and at the hearing on the motion to dismiss (where, when the bankruptcy court asked about two creditors other than Planet Home that were not treated in the plan, the Debtor's response was that he had objected to those claims).

chapter 13 case, but the list is not exhaustive. See id.; Marrama, 549 U.S. at 373. Although bad faith is not listed in § 1307(c), it is well-settled that a court may dismiss a case "for cause" under § 1307(c) if it determines the debtor did not file the petition in good faith. See id.; Sullivan v. Solimini (In re Sullivan), 326 B.R. 204, 211 (B.A.P. 1st Cir. 2005) ("[I]t is well established that lack of good faith (or bad faith) is 'cause' for dismissal or conversion of a Chapter 13 case under §1307(c).") (citations omitted).

Here, the bankruptcy court did not reference a specific subsection of § 1307(c) or make an express finding of bad faith when it dismissed the bankruptcy case. The court stated, however, that its decision was based on the trustee's motion to dismiss, which sought dismissal due to, among other things, the Debtor's bad faith in filing the subject petition.[5] As discussed below, the undisputed facts in the trustee's motion to dismiss support the dismissal of the Debtor's bankruptcy petition and are evident from the bankruptcy court's dockets, of which the Panel can take judicial notice. LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp., 196 F.3d 1, 8 (1st Cir. 1999).

"The determination of whether the movant has established *prima facie* that there is a lack of good faith (or bad faith) in the filing of a bankruptcy petition is a fact intensive inquiry in which the court analyzes the totality of the circumstances." In re Lopez Llanos, 578 B.R. 700, 708 (Bankr. D.P.R. 2017) (citation omitted); see also In re Sullivan, 326 B.R. at 212 (applying totality of the circumstances test when assessing bad faith). Some factors which "may be indicative of a bad faith filing" include: "(1) the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights, (2) the debtor

---

[5] Because the record supports a finding of bad faith, we need not address whether there were other causes for dismissal, such as unreasonable delay that is prejudicial to creditors (§ 1307(c)(1)) or denial of plan confirmation and denial of additional time to file another plan (§ 1307(c)(5)).

has filed multiple bankruptcy petitions, and (3) the debtor filed his bankruptcy petition on the eve of a foreclosure." White v. Napolitano (In re White), No. 3:24-cv-442(AWT), 2024 WL 4850199, at *2 (D. Conn. Nov. 21, 2024) (quoting In re Buhl, 453 F. Supp. 3d 529, 535 (D. Conn. 2020)); see also Clark v. Santander Bank, N.A., 670 B.R. 367, 376 (D. Conn. 2025) (identifying similar factors such as "serial filing, the lack of sufficient income to reorganize, filing to resolve a two-party dispute, and filing solely to obtain the benefit of the automatic stay"). "Courts are not limited to post-petition circumstances in considering whether a debtor has acted in bad faith, but may also consider a debtor's pre-petition conduct." In re Brown, No. 24-16596-NVA, 2025 WL 2124399, at *3 (Bankr. D. Md. July 29, 2025) (citing Marrama, 549 U.S. at 367) ("[F]ederal courts are virtually unanimous that prepetition bad-faith conduct may cause a forfeiture of any right to proceed with a Chapter 13 case.")).

Successive filings are not per se bad faith filings. See In re Sullivan, 326 B.R. at 212; In re Ortiz Ortiz, 200 B.R. at 490. It is also "well settled that filing a chapter 13 petition to save one's home" can be "an acceptable use of the bankruptcy process so long as the petition is filed in good faith." Clark, 370 B.R. at 377 (quoting In re Peia, 145 B.R. 749, 752 (Bankr. D. Conn. 1992)). "However, 'repeated filings aimed solely at frustrating foreclosure through invocation of the automatic stay constitutes bad faith and an abuse of the bankruptcy process[.]'" Id. (quoting In re Peia, 145 B.R. at 752) (other citation omitted). "[F]iling a bankruptcy petition to forestall a foreclosure sale is a permissible use of bankruptcy" only if the case is "undertaken pursuant to a legitimate effort at reorganization." Id. at 378 (citation and internal quotation marks omitted); see also In re Felberman, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code.") (citations omitted). "The bottom line is whether the debtor is attempting to thwart his creditors, or is making an honest effort to repay them to the best of

his ability." In re Sullivan, 326 B.R. at 212 (quoting In re Virden, 279 B.R. 401, 409 (Bankr. D. Mass. 2002)); see also In re Fleury, 294 B.R. 1, 7 (Bankr. D. Mass. 2003) (stating that debtor's history of filings demonstrated she was "not making an honest effort to repay her debts to the best of her abilities but instead [wa]s attempting to thwart payment to the Creditor") (citations omitted).

The Debtor's conduct in his successive bankruptcy filings supports a determination that he filed his fifth bankruptcy case solely to invoke the automatic stay to prevent and delay foreclosure of the property, rather than for the purpose of reorganizing and repaying his debts. See In re Mondelli, 558 F. App'x 260, 263 (3d Cir. 2014) (upholding bankruptcy court's finding that the debtor's "pattern of filings" was "probative of his motives in [filing] th[e] petition"). Of the Debtor's four prior bankruptcy cases, only the first reached confirmation, and that case was ultimately dismissed for failure to make plan payments. Two other cases were dismissed *before* plan confirmation due to the Debtor's failure to make plan payments, and the fourth petition was dismissed after only two months due to the Debtor's failure to submit a credit counseling certificate. Additionally, over the eight years he was in bankruptcy, the Debtor had a history of failing to remit mortgage payments, which resulted in the filing of motions for relief from the automatic stay in three of his four prior cases and an increase of more than $100,000 in mortgage arrears. The Debtor was also dilatory in complying with his obligations as a debtor, failing to timely submit required documents, such as his schedules, statement of financial affairs, and chapter 13 plan, until faced with a motion to dismiss or order to show cause. It is apparent, therefore, that the "result achieved" by the Debtor's prior successive filings was not to pay creditors but to forestall the efforts of Planet Home (and its predecessor) to foreclose against the property. See Downey Sav. & Loan Ass'n v. Metz (In re Metz), 820 F.2d 1495, 1497

11

(9th Cir. 1987) (considering the "result achieved" by debtor's successive filings when determining whether to dismiss case for bad faith).

As to the subject bankruptcy case, the timing of the filing further supports a finding of bad faith. The Debtor filed his latest petition only a month after his fourth case was dismissed and the night before a scheduled foreclosure sale. Further, the Debtor listed no creditors on his bankruptcy schedules and his proposed plans provided no treatment for any creditors other than Planet Home. In fact, the Debtor admitted (in response to the trustee's objection to confirmation) that he had no intention to pay any other claims through his bankruptcy case despite his failure to object to the asserted claims. And, most significantly, the Debtor's amended plan filed on July 10, 2024, was patently unconfirmable as it was premised on his retention of property which had already been sold at a foreclosure sale on July 1st. The Debtor's pursuit of that non-viable plan is further evidence of his bad faith in filing the petition. See Toles v. Powers, No. 3:99-CV-1517-G, 1999 WL 1261453, at *3 (N.D. Tex. Dec. 28, 1999) (considering debtor's pursuit of an unconfirmable plan when determining whether bankruptcy court clearly erred in finding the debtor filed his bankruptcy in bad faith); In re Brown, 2025 WL 2124399, at *8-9 (viewing the repeated filing of unconfirmable plans as evidence of bad faith).

Although the Debtor argues that the bankruptcy court should not have dismissed his chapter 13 case because he was "up to date" on both his mortgage and plan payments and that his proposed plan complied with the requirements of § 1325, we are not persuaded. The Debtor could not have been up to date on his mortgage payments because Planet Home completed the foreclosure sale. Even if the Debtor was current (or almost current) on payments under his proposed plan (as reported by the trustee at the hearing), his plan was patently unconfirmable as it was premised upon his retention of property which had already been sold at a foreclosure sale.

The record reflects, therefore, that the Debtor did not file the subject case in good faith but rather for the sole purpose of invoking the automatic stay to prevent the foreclosure of the property, with no intention of reorganizing and repaying creditors. See In re Casse, 219 B.R. 657, 661 (Bankr. E.D.N.Y. 1998) (stating that where there was no indication the debtor "possessed the financial wherewithal necessary to realistically fund a viable plan" and his "efforts were instead focused only upon prolonging bankruptcy protection," the "unequivocal conclusion" was that the debtor filed in bad faith "merely to invoke the automatic stay and delay . . . foreclosure"), aff'd, 198 F.3d 327 (2d Cir. 1999); see also In re Partch, No. 19-51084, 2020 WL 211447, at *4 (Bankr. D. Conn. Jan. 7, 2020) (stating that where there was "ample evidence that the Debtor ha[d] filed successive bankruptcy petitions to stay the State Court Foreclosure Action and not for any bankruptcy purpose," the court could "readily conclude" that the debtor did not file the subject chapter 13 case in good faith). Therefore, there was no clear error in finding a lack of good faith and no abuse of discretion in dismissing the case for cause under § 1307(c).

The Debtor's remaining arguments do not alter this conclusion. The Debtor insists that the bankruptcy court's order under § 362(j) confirming that the automatic stay had terminated under § 362(c)(3)(A), which he incorrectly characterizes as an order granting Planet Home relief from the automatic stay, violated his due process rights because he was not provided email notification that (i) the automatic stay would expire unless he filed a motion to continue the stay under § 362(c)(3)(B) or (ii) that Planet Home had filed a motion for an order confirming that the automatic stay had expired. He also argues that the bankruptcy court erred by entering the order confirming that the automatic stay had terminated before the § 341 meeting of creditors was held. However, the Debtor did not appeal the order confirming the termination of the automatic stay and the remaining issues raised by the Debtor are unrelated to the current appeal of the

dismissal order. Further, although the Debtor advances additional arguments in his reply brief as to whether he satisfied the requirements to obtain injunctive relief, the Debtor did not present any argument on that issue in his opening brief and, therefore, it is deemed waived. See Nat'l Promoters & Servs., Inc. v. Multinational Life Ins. Co. (In re Nat'l Promoters & Servs., Inc.), BAP No. PR 21-016, 2022 WL 3023686, at *6 n.3 (B.A.P. 1st Cir. July 28, 2022) ("Arguments raised for the first time in a reply brief are 'ordinarily deemed waived[.]'") (citing United States v. Casey, 825 F.3d 1, 12 (1st Cir. 2016)).

## CONCLUSION

For the reasons stated, we **DISMISS** this appeal as moot. If this appeal were not moot, we would **AFFIRM** the bankruptcy court's order dismissing the Debtor's chapter 13 case.